DANIEL KEELER, RESPONDENT, *v.* MARY KEELER, APPELLANT.

*Lien of an attorney upon his client's cause of action, conferred by section 66 of the Code of Civil Procedure — no notice thereof need be given to the adverse party.*

Section 66 of the Code of Civil Procedure, declaring that the compensation of an attorney or counselor for his services is governed by agreement, expressed or implied, which is not restrained by law, and from the commencement of an action or the service of an answer containing a counter-claim, the attorney who appears for a party has a lien upon his client's cause of action or counter-claim which attaches to a verdict, report, decision or judgment in his client's favor, and cannot be affected by any settlement between the parties before or after judgment, makes the lien complete, and does not require any notice of the lien to be given to the adverse party.

A payment in settlement of the cause of action made to the party himself, without notice to the attorney, and without affording him an opportunity of protecting his lien, unless he has waived his right to a lien, cannot prejudice him.

Where the parties to an action settle it before trial an attorney may continue the action and recover so much upon his client's cause of action, as it existed before the settlement, as equals the amount of his lien.

*Coster* v. *Greenpoint Ferry Company* (5 Civ. Pro. R., 146; S. C., 98 N. Y., 660); *Wilber* v. *Baker* (24 Hun, 24); *Forstman* v. *Schulting* (35 id., 504); *Pickard* v. *Yencer* (10 Weekly Dig,. 271); *Albert Palmer Company* v. *Van Orden* (64 How., 79) followed.

APPEAL from a judgment of the Albany County Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on November 30, 1887.

The plaintiff, by Doyle & Fitts, his attorneys, commenced this action in favor of the plaintiff to recover for services rendered the defendant. The attorneys made an agreement with the plaintiff

that, for their services, they should have one-half of the recovery and all the taxable costs. After they served the complaint, and, before answer, the parties, without notice to plaintiff's attorneys, settled the cause of action for $300, which sum the defendant paid the plaintiff. The defendant had no notice of the agreement between the plaintiff and his attorneys. The defendant afterwards answered and alleged the settlement and payment in defense. The plaintiff did not pay his attorneys. The case came on for trial, and, on proof of the above facts, the defendant asked the court to rule that the recovery be limited to the taxable costs; that the lien of the attorneys could not be enforced without first obtaining leave of the court; that the defendant be permitted to go to the jury upon the question whether the settlement was made in good faith.

These several requests were refused, and the court directed a verdict in favor of the plaintiffs for $150.

*J. F. Crawford*, for the appellant.

*Doyle & Fitts*, for the respondent.

LANDON, J.:

Section 66 of the Code of Civil Procedure is explicit in regard to the lien of an attorney upon his client's cause of action for his services. The amount of it "is governed by agreement, express or implied, which is not restrained by law." It attaches upon the service of the first pleading, "and cannot be affected by any settlement between the parties before or after judgment." No notice of the lien need be given to the adverse party. The statute makes the lien complete. Payment in settlement of the cause of action to the party himself without notice to the lienor, and without affording him an opportunity of protection, unless he has waived his rights, cannot prejudice him. A right so fully and completely vested must necessarily draw to itself a remedy adequate to its enforcement. The simplest remedy in the case of the attorney for the plaintiff, where the parties settle before trial, is to permit him to continue the action and recover so much upon his client's cause of action as it existed before settlement, as equals the amount of the lien. Such was the course here pursued, and is sanctioned by authority. (*Coster* v. *Greenpoint Ferry Co.*, 5 Civ. Pro., 146; S. C., 98 N. Y., 660; *Wilber* v *Baker*, 24 Hun, 24; *Forstman* v. *Schulting*, 35 id., 504;

*Pickard* v. *Yencer*, 10 Week. Dig., 271; *Albert Palmer Co.* v *Van Orden*, 64 How., 79.) There are cases the other way, but, if we are right in supposing that the case first cited has been affirmed by the Court of Appeals, they cannot control the question here presented.

Judgment affirmed, with costs.

LEARNED, P. J., and INGALLS, J., concurred.

Judgment affirmed, with costs.