## WASHBURN v. MOTT.

### (Circuit Court, Ontario County. November, 1890.)

1. ATTORNEY AND CLIENT—LIEN—SETTLEMENT BETWEEN PARTIES TO ACTION.
   Where an action is settled by the parties thereto without the knowledge of plaintiff's attorney, such attorney cannot under Code Civil Proc. N. Y. § 66, which provides that a settlement between the parties to an action shall not affect the attorney's right to compensation, proceed with the action to collect his costs without the consent of the court.

2. SAME—LEAVE TO PROSECUTE ACTION.
   Such consent will be granted where by the terms of the settlement plaintiff was to pay her attorney, and it appears that the amount received by her in settlement was only $25, and that she has nothing out of which the attorney can collect his costs.

Action by Emma Washburn against Philander Mott. Plaintiff moves to ·set aside a stipulation as procured by fraud.

*E. W. Gardner,* for plaintiff. *John Gillette,* for defendant.

RUMSEY, J. Upon a careful examination of the case since the argument, and upon the papers submitted, I am satisfied that the stipulation for settlement should stand as between the parties. But that does not dispose of the rights of the attorney. He had a contract for his compensation, and it makes no difference whether the defendant knew of the existence of that contract and its terms or not. The statute expressly provides that the lien of the attorney for his compensation cannot be affected by any settlement between the parties. Code Civil Proc. § 66. Since the passage of that statute, which took place in 1879, it has been the law that no notice of the lien is required, and that the attorney is not affected by the payment of the amount due, nor by an executed settlement, nor by a payment and satisfaction of the judgment. *Keeler* v. *Keeler,* 4 N. Y. Supp. 580; *Whittaker* v. *Railroad Co.,* 54 N. Y. Super. Ct. 8. The case of *Randall* v. *Van Wagenen,* 115 N. Y. 527, 532, 22 N. E. Rep. 361, having been decided upon a state of facts before the passage of the law of 1879, is not authority for the propositions stated in it, that the settlement will be disregarded only if it is fraudulent. The attorney is not now bound by it, however fair it may be, if his agreed charges are not paid. *Whittaker* v. *Railroad Co, supra,* 16. The only question is how he shall obtain his remedy, and the right to enforce his lien and get his pay. On the one hand it is claimed that, as his right is absolute, he may proceed without regard to the settlement, (however fair and proper it may be, and however willing his client may be to pay his proper or agreed charges,) and try the action and enter a judgment and collect the amount due to him. On the other hand it is claimed that, before the attorney can proceed further after the settlement, he must obtain the permission of the court. The authorities upon the subject of the proper course to pursue are not to be reconciled. The first case in point of time upon the subject is *Pickard* v. *Yencer,* 10 Wkly. Dig. 271. This case it is important to examine, as it has been cited as authority for several propositions which were never decided by it. The action was for assault and battery. The plaintiff's attorney had notified defendant that he had a lien upon the cause of action for his costs, and that he should disregard any settlement. In spite of this notice the defendant and plaintiff settled the action, and it was discontinued by order duly entered. Upon motion of plaintiff's attorney, the court at special term set aside the stipulation and order of discontinuance, and authorized the plaintiff's attorney to enter judgment for his costs. From this order and the judgment, the appeal reported in the Weekly Digest was taken. They were reversed. The court held that they were entitled to have the stipulation and order of discontinuance set aside so far as they affected his lien, to enable him to continue the action and recover his costs. It held, however, that the practice in entering judgment for costs

without a trial was irregular, and for that reason reversed the judgment, and modified so much of the order as authorized it, by permitting the attorney to proceed with the action in the name of his client. It will be noticed that this case is not authority for the proposition that the attorney may, without regarding the settlement, and without application to the court, proceed with the action. On the contrary, the attorney moved to vacate the settlement to permit him to proceed, and that was precisely what was done. The next case is *Murray* v. *Jibson*, 22 Hun, 386, in which it was held that the plaintiff who has settled the action cannot have the settlement set aside to protect the attorney's lien, but that the remedy is by a proceeding of some kind to be taken by the attorney. In *Wilber* v. *Baker*, 24 Hun, 24, the attorney of his own motion had continued the action after settlement, and recovered judgment for his costs, which upon appeal was affirmed. The only thing necessarily decided was that where the attorney, without an order, has continued the suit to judgment, the judgment will not on that account alone be reversed, when the court has seen fit in its discretion to allow the suit to go to judgment. In *Goddard* v. *Trenbath*, 24 Hun, 182, there was presented to the court the precise question, and it was decided that, after an action has been settled, the attorney cannot continue it to enforce his alleged lien without having first obtained an order of the court allowing him to do so. The same thing was held by the general term of this department in 1882. *Dimick* v. *Cooley*, 3 Civil Proc. R. 141. It is said in the opinion in that case that "it would be an unwise and dangerous practice, extremely hazardous to the rights of both parties, to allow an attorney to continue the action, after settlement by the parties, for the purpose of collecting his costs, without first obtaining the consent of the court that he may proceed for that purpose." Page 149. It was held, also, in that case, that the amendment of 1879 had not changed the rule in that regard. Page 148. This case was decided by the same court that decided *Pickard* v. *Yencer*, *supra*, two judges of the court being the same in each case. In *Coster* v. *Ferry Co.*, 5 Civil Proc. R. 146, the judgment had been entered by the plaintiff's attorney upon default, before notice of the settlement, and for that reason it was held that he was regular in his practice; but the court say that, if he had known of the settlement, the better practice would be to apply to the court for leave to proceed as it should direct for the enforcement of his lien. This case was affirmed by the general term and by the court of appeals, but no opinion was written by either of those courts, as appears by the case in the court of appeals. Volume 1203, Roch. Law Library; Custer v. Ferry Co., 98 N. Y. 660. It is difficult to say just what is the effect of an affirmance, "without opinion," on the law as stated by the court whose judgment is affirmed. It is safe to say that such an affirmance does not overrule the court thus affirmed. One later case than those cited above holds that when an action has been settled the attorney may proceed in it without regard to the settlement, and without the permission of the court to recover his compensation. *Forstman* v. *Schulting*, 35 Hun, 504. That case was decided upon the authority of *Pickard* v. *Yencer* and *Wilber* v. *Baker*, *supra*, neither of which holds the proposition for which it was cited. It ignores *Dimick* v. *Cooley*, which is a decision in precisely the other way, and refuses to follow *Goddard* v. *Trenbath*, 24 Hun, 182. The case of *Whittaker* v. *Railroad Co.*, 54 N. Y. Super. Ct. 8, is not in point. In that case the settlement was made after judgment, and the motion was made by the attorney to vacate the satisfaction. In the case of *Keeler* v. *Keeler*, 4 N. Y. Supp. 580, the attorney had been allowed to try the case without a previous order of the court, and the judgment upon that trial was affirmed. The affirmance might well have been had upon the ground that the court in circuit had the power, in its discretion, to allow the case to be tried, and make the order there or allow it without further order. It was put upon the authority of *Coster* v. *Ferry Co.*, *supra*, which does not hold that an attorney

who is aware of a settlement may go on and try the action without leave, but the contrary. The *Case of Keeler* is not then an authority overruling *Goddard* v. *Trenbath* or *Dimick* v. *Cooley*. If the matter stood on the decisions of the supreme court, I think the two cases last named are still the law, in spite of the case of *Forstman* v. *Schulting, supra.*

But I think the court of appeals have practically settled the question against the case last cited. There is no question that the amendment of 1879, though it gave a more extensive lien, did not change the remedy for the attorney. *Dimick* v. *Cooley*, *Whittaker* v. *Railroad Co., supra.* The remedy before that amendment is stated by the court of appeals to give the attorney leave to proceed with the suit, and to permit him to recover to the extent of his compensation upon the trial of the action. *Randall* v. *Van Wagenen*, 115 N. Y. 527, 532, 22 N. E. Rep. 361. In view of the case last cited, I think I am bound to follow the case of *Dimick* v. *Cooley*, 3 Civil Proc. R. 141, and hold that it is necessary for the attorney to procure the consent of the court before he can proceed with the action to collect his costs after settlement. I do this willingly because I believe that it is by far the safer rule of the two. The reasons for it are fully given in *Dimick* v. *Cooley* and *Whittaker* v. *Railroad Co.*, cited above. In the case last cited, it is said that, notwithstanding the provisions of section 66 of the Code, it is the duty of the court to exercise a strict supervision over contracts made under it. It is also the duty of the court, when such permission is given to the attorney, to direct as to the time and manner, and watch the proceedings and doings of the attorney. *Dimick* v. *Cooley*, 3 Civil Proc. R. 141, 149. It is hard to see how the court can perform these duties if the attorney has the right to proceed and recover whatever he thinks proper to claim, without asking leave to do so.

Holding, as I do, that the attorney must apply for leave, and that he cannot proceed without it, I think this is a proper case to award it to him. The amount paid for the settlement to the plaintiff was $25. The plaintiff was to pay her own counsel. It appears that she has nothing, and I think the case is clearly one where the attorney, if he cannot enforce his lien, would be seriously embarrassed in the collection of his costs. I was of the opinion that this permission should only be given to the attorney to be exercised at his own risk. But, after consideration, I conclude that it is not necessary to say anything on that subject. If the attorney continues the action and recovers, the question of costs will take care of itself. If he fails, the court can, upon application, make such an order, with regard to charging him with costs, as assignee *pro tanto* of the cause of action, as the circumstances then disclosed shall warrant.