## MICHELE CASUCCI, Appellant, v. THE ALLEGANY AND KINZUA RAILROAD COMPANY, Respondent.

*Attorney's lien — action continued to enforce it after a compromise by his client — the attorney must establish the defendant's liability — Code of Civil Procedure, sec. 66.*

Michele Casucci, who brought an action against a railroad company, alleging that he had sustained injuries by reason of its negligence, made a bargain with his attorney by which the latter was to receive one-third of any recovery, or one-third of any amount paid by the company, in compromise of the claim. After issue joined Casucci settled for $250, no notice of his lien having been given by the attorney to the railroad company. This settlement the court on motion set aside so far as to permit the attorney to prosecute the action to recover the amount of his lien.

Upon the trial the attorney assumed the position that, without going into the question of negligence, he could by proving the settlement recover one-third of its amount, although the company had, in its answer, denied every material allegation of the complaint, except that at the time stated therein its cars were derailed.

On appeal by the attorney from a judgment of nonsuit:

*Held*, that the nonsuit was properly granted.

That if the position taken by the attorney were upheld, the effect would be that no corporation could settle with an injured person without being held to have admitted conclusively its legal liability.

That the plaintiff must recover, if at all, upon evidence showing a legal liability of the corporation to pay him growing out of the facts stated in the complaint.

APPEAL by the plaintiff Michele Casucci from a judgment of the Supreme Court, entered in the office of the clerk of the county of Erie on the 13th day of February, 1892, dismissing the complaint, with costs, after a trial at the Erie Circuit before the court and a jury.

*Henry H. Seymour*, for the appellant.

*Charles S. Cary*, for the respondent.

MACOMBER, J. :

This action was brought to recover for personal injuries sustained by the plaintiff by reason of the negligence of the defendant in operating its train of cars on the 29th day of November, 1890.

After issue was joined, a settlement was effected between the plaintiff and defendant by which the plaintiff released all claim for damages on the payment, by the defendant, of the sum of $250.

It appears, however, that the plaintiff's attorney had a contract with his client by which, as a part of the compensation for his services, he was to receive one-third of the amount of the recovery, or one-third of any amount for which the defendant should settle the action. No notice of this lien appears to have been given by the plaintiff's attorney to the defendant, and probably under section 66 of the Code of Civil Procedure no such notice was necessary.

The settlement above mentioned was, upon motion of the plaintiff's attorney, made in his own behalf, so far set aside as to permit the prosecution of the action, and to enable the attorney to recover the amount of his lien as compensation for professional services.

Upon the trial the learned counsel for the appellant assumed the position that by showing a settlement between the plaintiff and the defendant for the sum of $250, he, the attorney, had a right to recover in this action in the name of the plaintiff, but, for the benefit of the attorney, one-third of that amount, without entering upon the merits of the questions presented by the pleadings, which put in issue every question raised by the plaintiff, save only that the cars of the defendant at the time stated were, in fact, derailed. The assertion that the plaintiff himself was a passenger on that occasion was denied; the facts of his injuries were denied, and the affirmative defense that whatever injuries he received were caused by his own carelessness was inserted in the answer.

So far as we are aware, this contention made by the learned counsel in his own behalf presents such a case as has not been passed upon by the courts of this State. The case of *Keeler* v. *Keeler* (51 Hun, 506) cited by him, falls far short of holding any such rule to exist. We are unable to hold, under this section of the Code, that in case of a settlement by a defendant with the plaintiff in a negligence case, the plaintiff's lien may be thus easily worked out. Such, we think, could not have been the view of the counsel when he made the motion at Special Term to set aside the settlement as being made in violation of his lien, when he was permitted by the order of the court, procured on such motion, so far to open such settlement as to permit him to prosecute the case for the recovery of his lien. To hold otherwise would be tantamount to deciding that the defendant in such an action could not safely compromise or settle a claim for personal injuries caused through its alleged

negligence without being conclusively held to have admitted its legal liability. But compromises and settlements of actions never proceed upon any such hypothesis. Common experience shows that parties may often deem it for their best interests, without acknowledging liability, to pay something rather than to litigate a contested claim.

In any view that we may regard this case, we think that the trial judge was correct in nonsuiting the plaintiff upon the trial, in the absence of any evidence charging the defendant with liability for the injuries sustained by the plaintiff.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment appealed from affirmed.