PITCHER v. ROBERTSON et al.

(Supreme Court, General Term, Second Department. December 12, 1892.)

ATTORNEYS' FEES—COMPROMISE BETWEEN ATTORNEYS.

In the absence of fraud or inability to pay her attorney his fees, plaintiff may herself settle her cause of action out of court, without providing for the payment of such fees, and in such case the attorney is not entitled to continue the action merely for the purpose of perfecting his lien on the judgment.

Appeal from special term, Kings county.

Action for partition by Phelira R. Pitcher against James Robertson, William G. Hoople, and others. After the service of process, defendant Hoople purchased the interest of the other parties to the action, and the court ordered a discontinuance thereof, from which plaintiff appeals. Affirmed.

Argued before BARNARD, P. J.; and DYKMAN and PRATT, JJ.

Winsor B. French, for appellant.

John P. Hudson, for respondents.

PRATT, J.    The parties to this action apparently became convinced that it could not be maintained, and therefore settled their controversy without providing for the fees of the plaintiff's attorney.    Thereafter an order was granted at special term discontinuing the cause.    The plaintiff's attorney opposed the discontinuance, and asks to be allowed to amend the summons and complaint in important respects, and to continue the action, with the purpose of establishing and perfecting his lien upon the cause of action, and thereby enforcing the payment of his fees.    Where a collusive settlement of an action has been made for the purpose of defrauding an attorney of his fees, the court will sedulously seek means to prevent the fraud and protect the attorney's rights; and it may well be that in such a case the court would grant needed amendments, and allow the action to be prosecuted to judgment.    In the present case we find no evidence that the settlement was intended to be hostile to the claims of the plaintiff's attorney or that his rights are in fact imperiled.    There is no suggestion that the plaintiff disputes or is unable to respond to the claims of her attorney.    The plaintiff makes an affidavit in support of her attorney, and the apparent object of the opposition now made to the discontinuance is to require the payment by other parties to the action of the fees of plaintiff's attorney.    We do not think a case is made justifying the continuance of the action for that purpose.    Order affirmed.    All concur.