(5 Misc. Rep. 75.)

## AVERY v. AVERY et al.

(Supreme Court, Special Term, Onondaga County. September 2, 1893.)

ATTORNEY'S LIEN—PROCEEDINGS TO ENFORCE—WHO MAY MAINTAIN.

    A party to an action cannot maintain proceedings on behalf of his attorney to enforce the attorney's statutory lien for his costs, but such proceedings must be prosecuted by the attorney personally.

Action by William R. Avery against Charles A. Avery, Clinton E. Avery, Clayton D. Avery, and others, to foreclose a mortgage, in which defendant Charles A. Avery filed an answer setting up a stipulation by plaintiff to discontinue the action. Plaintiff moved to discontinue as to Clinton E. Avery and Clayton D. Avery, and for an order allowing the action to be continued by his attorney against the other defendants for the recovery of such attorney's costs under his statutory lien, on the ground that the stipulation to discontinue was procured by defendant Charles A. Avery by fraud. Motion to discontinue granted. Motion to continue denied.

Irving G. Hubbs, for the motion.

Arthur B. Rider, opposed.

WRIGHT, J. This action was brought for the foreclosure of a mortgage, on which the complaint alleges $65 was due as interest, which the verified answer denies. From the plaintiff's papers it appears that before the answer was served the defendant Charles Avery, in an interview with the plaintiff, stated to him that he had paid the costs of the action to the plaintiff's attorney, Mr. Irving G. Hubbs, and that said attorney had written a letter to him, the plaintiff, stating that fact, and requesting the plaintiff to sign a stipulation discontinuing and settling the action; and he also exhibited to the plaintiff a letter to that effect, purporting to be signed by said attorney. That the plaintiff thereupon, believing said statements to be true, and the letter to be genuine, signed the stipulation; that said statements were false, and the letter a forgery. After the stipulation was executed and delivered to the defendant Charles Avery, he, instead of moving for an order to discontinue the action, served his answer, setting up, among other things, said stipulation as a defense. The plaintiff now asks the intervention of the court to relieve his attorney from the effect of the stipulation which the plaintiff himself has made, on the ground that the stipulation cuts off his attorney's statutory lien for costs. Omission to consider the logic of the statute in many cases has caused considerable chaos in the decisions respecting the attorney's lien. The statute gives the attorney a lien on the cause of action as against both his client and the adverse party. The object of the lien is to secure to the attorney the payment by his client of the costs which may be recovered against his adversary, and any other agreed compensation for his services, out of the proceeds of the action. The claim

against his client is the principal debt. The lien is only a collateral security. Courts will enforce this lien, as against the opposite party, upon the motion of the lienor, where equity requires it, by setting aside a settlement made between the parties without the attorney's consent, and allowing the action to be prosecuted by the attorney in his own behalf. Some cases have held that a settlement by the parties will not be set aside unless it was collusively made by them for the purpose of cheating the attorney out of his compensation, but such fraudulent purpose is not essential if the settlement have the effect of cheating the attorney. If it prejudices his claim against his client, or inequitably affects his interests in any manner, it will be set aside, no matter in how good faith it may have been made. But in this case the lienor does not ask the enforcement of his lien. It does not appear that he personally desires to take upon himself the burden of the prosecution for his own benefit and at his own risk, but the plaintiff makes the motion on behalf of his attorney. The rights and interests of the client are in the keeping of his attorney, and it is a sacred trust; but to hold conversely that the rights and interests of the attorney are in the keeping of the client would be a unique proposition indeed. The attorney personally is the necessary actor in the proceeding to enforce his own lien. The client cannot institute the proceeding on behalf of his attorney, so that it may stand with its merits separate and apart from every other contingency in the action. Murray v. Jibson, 22 Hun, 386; Wehle v. Conner, 83 N. Y. 231; Oliwill v. Verdenhalven, (City Ct. N. Y.) 7 N. Y. Supp. 99. Further, had the attorney made this motion personally, it would fail, because it does not appear that the interests of the attorney have been inequitably affected by the settlement, and it appears that his client possesses large financial means, and that his claim for compensation for his services against the principal debtor is perfectly good. There is therefore no reason for the attorney to invoke the courts for the protection of his lien. Pitcher v. Robertson, (Sup.) 21 N. Y. Supp. 66; Roberts v. Doty, 31 Hun, 128; Root v. Van Duzen, 32 Hun, 63; Washburn v. Mott, (Cir. Ct.) 12 N. Y. Supp. 111; Hart v. Mayor, etc., 69 Hun, 237, 23 N. Y. Supp. 555. Further, the questions involved in this motion can best be determined on the trial of the action in the form in which it is now pending.

The defendants, in their papers, deny the allegation of fraud in connection with the settlement, and have set up the stipulation as a defense in their answers, and have thus invited the trial of its validity as one of the issues before a jury. The order asked for would change the issues thus proffered and the course of the trial; would, in effect, drop out the plaintiff, and substitute the attorney in his stead, and eliminate the question of fraud from the issues at the request of the party who is here complaining of fraud. This ought not to be permitted, since the plaintiff, upon returning the $65, will, under the pleadings, have the right to submit to the jury the question of fraud in the settlement, and thus a more

full and complete investigation may be had of the facts than can be had from the papers presented on this motion. The action may be discontinued as against the defendants Clinton E. Avery and Clayton D. Avery upon the payment of $10 costs before notice of trial, but the remainder of the motion is denied.