GERDA ASTRAND, Plaintiff, *v.* THE BROOKLYN HEIGHTS R. R. Co., Defendant.*

AXEL ASTRAND, Plaintiff, *v.* THE BROOKLYN HEIGHTS R. R. Co., Defendant.

(Supreme Court, Kings Special Term, March, 1898.)

Attorney's lien — Nonassignable cause of action — Settlement by client.

The provisions of section 66 of the Code of Civil Procedure, as amended in 1879, expressly give to an attorney a lien upon his client's cause of action, or counterclaim, from the commencement of the action or the service of an answer containing a counterclaim, whether or not the cause of action is in its nature assignable; and where the client makes a direct settlement of a pending action in order to defeat the attorney's agreed lien for one-third of any recovery, the attorney will be allowed to continue and prosecute the action, to the end that he may establish his lien.

MOTION for leave to continue and prosecute the two above-entitled actions against defendant.

Chas. J. Patterson, for plaintiffs.

Charles A. Collin, for defendant.

DICKEY, J. These are motions made by plaintiffs' attorney for leave to continue and prosecute the two above-entitled actions against the defendant, and to establish his lien upon the causes of action, he claiming that the defendant has settled the actions

*Received too late for insertion in proper place.— [Rep.

with his clients direct, in disregard of his lien for one-third of whatever might be recovered in the action, he having a bargain with the plaintiffs to be compensated by the one-third of the amount of any recovery or settlement. The defendant is ready and willing to pay the plaintiffs' attorney his taxed costs, not to exceed $150, but insists that the plaintiffs' attorney has no lien before judgment because the cause of action is not an assignable one.

In 1879 the legislature added these words to section 66 of the Code of Procedure, "From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds thereof in whosoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment."

This language seems plain enough, and, as the court said of it, in Peri v. N. Y. C. & H. R. R. R. Co., 152 N. Y. 527, "This language is very comprehensive and creates a lien in favor of the attorney on his client's cause of action, in whatever form it may assume in the course of the litigation, and enables him to follow the proceeds into the hands of third parties, without regard to any settlement *before* or after judgment. This is a statutory lien of which all the world must take notice, and anyone settling with a plaintiff without the knowledge of his attorney, does so at his own risk. * * * The settlement of a litigation ought, in fairness, to be made with full knowledge of plaintiff's attorney and under the conditions protecting his lawful lien. If he seeks to take an unfair advantage of a desire to settle, he is, as an officer of the court, under its constant scrutiny and control, and will be confined in his lien to his taxable costs and such additional amount as he may be able to duly establish by agreement, express or implied."

Again, the court in Keeler v. Keeler, 51 Hun, 505, General Term, Third Department, said: "Section 66 of the Code of Civil Procedure is explicit in regard to the lien of an attorney upon his client's cause of action for his services. The amount of it, 'is governed by agreement, express or implied, which is not restrained by law.' It attaches upon the service of first pleading ' and cannot be affected by any settlement between the parties before or after judgment.' No notice of the lien need be given to the adverse party. The statute makes the lien complete."

The case of Coughlin v. N. Y. C. & H. R. R. R. Co., 71 N. Y. 443, has no application now as that decision, holding that there

could be no lien on nonassignable causes of action, was before the amendment of 1879, which, by its terms, included all causes of action, contract and tort alike.

I have been pointed to one Special Term and one General Term decision of the City Court of the city of New York, and one General Term decision of the First Department, which, it is contended, support the claim of defendant here. The courts making these decisions seem to have lost sight of the case of Coster v. Greenpoint Ferry Co., 5 Civ. Pro. 146, which was affirmed without an opinion in 98 N. Y. 660, and is cited with approval in Peri v. N. Y. C. & H. R. R. R. Co., cited above.

In view of these Court of Appeals decisions, I must hold, as the statute plainly reads, that the attorney has a lien on the cause of action before as well as after judgment and grant the motions.

Motions granted.