## SWANSTON v. MORNING STAR MINING Co.

*(Circuit Court, D. Colorado.   June 19, 1882.)*

1. ACTION—SETTLEMENT BY CLIENT—DISMISSAL.
    Plaintiff has the right to settle a suit brought to recover damages for a personal injury without the consent of his attorneys, and where he does so the controversy must be regarded as at an end, and the suit must be dismissed.
2. SAME—CONTRACT BETWEEN ATTORNEY AND CLIENT—CONTINGENT FEE.
    Whether a contract between attorneys and the client, whereby, in the event of their success in an action for the recovery of damages, they are to receive, as compensation for their services, one-third of the amount which may be recovered, is champertous, not decided.

*D. J. Haynes* and *Wells, Smith & Macon,* for plaintiff.
*L. C. Rockwell* and *J. B. Bissell,* for defendant.

McCRARY, C. J., *(orally.)*   This is an action to recover damages for a personal injury.   Since the institution of the suit, the plaintiff has, without the knowledge of his counsel, settled it, and the following writing has been filed, upon which the court is now asked to dismiss the case:

[Title of case.] "Having received eighteen hundred dollars from defendant, in full for all claims, demands, and causes of action sued for in this case, I hereby authorize and direct the clerk of this court, or the court itself, to dismiss this action at my own cost, and I agree not to further prosecute the same, and that defendant is authorized to file this order of dismissal, or use it as it deems proper." Signed by plaintiff and sworn to.

The motion to dismiss upon this agreement is resisted, not by the plaintiff himself, but by his attorneys, who say that they had a contract with the plaintiff, whereby, in the event of their success in this suit, they were to receive as their compensation for services one-third of the amount which might be recovered.   The question is made as to whether this is a champertous agreement, but we are not disposed to go into that question.   It is one, perhaps, of some difficulty, and about which there is a considerable conflict of authority.   It would undoubtedly be champertous if either of the attorneys had agreed to pay the costs of the proceeding; but whether a mere contract for a contingent fee of one-third of the amount recovered is champertous, is a question not entirely settled.   We do not think it necessary, at all events, to pass upon it in this case.

It is, perhaps, not improper to remark, however, that it is not a contract which commends itself very much to the favor of the courts, and this court would not be disposed to go any further than the law

requires to uphold it.    But even assuming that it is a valid contract as between the plaintiff and his attorneys, the question arises, how can we, by any order of ours, continue this case and carry it on to judgment, after the plaintiff himself has sold the cause of action and received a sum which, he says, is in full satisfaction.    The attorneys are not parties to the record; no judgment could be rendered in their favor, and, if we were to go on to trial, I do not see how it is possible that any judgment at all could be rendered upon the record in the face of this dismissal, this acknowledgment of payment in full by the plaintiff himself.    If the counsel for the plaintiff had any lien upon anything, the court would protect them, perhaps, by some form of proceeding in this case; that is to say, the counsel might, perhaps, be allowed under your statute to intervene, if you have a statute authorizing such a proceeding as that, and to assert their rights in this suit.    But it is very clear that the attorneys of the plaintiff have no lien upon anything in a case of this character.    I believe it is well settled that an attorney has no lien, even upon a judgment recovered by him for his client in an action, unless the statute gives it.    It has never been claimed that an attorney would have a lien upon a claim for unliquidated damages, and there can be no foundation for a lien of any kind or description upon anything in controversy here.

If the attorneys had in their hands a contract, a promissory note, or instrument of any description that could be called property, and had rendered services in prosecuting a suit upon it, perhaps they might, by proper proceeding, be allowed to enforce a claim or lien upon it.

It is enough to say that there is no doubt of the right of the plaintiff to settle the suit without the consent of his attorneys, and having done so the controversy must be regarded as at an end, and the suit must be dismissed.    If the attorneys have any claim against the parties who have made the settlement, they must assert it in some other mode of proceeding.    It is not open for consideration here.

The doctrine I have announced is supported by the case of *Coughlin* v. *Railroad Co.* 71 N. Y. 443, and *Hooper* v. *Welch,* 43 Vt. 269.