SAMUEL H. RANDALL, Appellant, *v.* JACOB VAN WAGENEN, Impleaded, etc., Respondent.

The complaint herein alleged, in substance, that plaintiff, as attorney for defendant N., brought an action against defendant V. W. to recover on a contract $10,799.35, under an agreement on the part of N. to give plaintiff one-half interest in the claim and in any recovery, and an ownership therein to that amount for such compensation; and a further agreement that plaintiff should hold the entire claim as collateral security for his compensation, and for other indebtedness due him from N., and that the latter made a parol assignment to him of the entire claim for these purposes. It was also alleged that V. W. had notice of said agreement; that the parties to said action fraudulently and collusively, without this plaintiff's knowledge or consent, settled and discontinued the action to cheat and defraud him of his interest and rights under the agreement; that the claim was good and collectible, and that this plaintiff, by reason of said fraud, has lost the one-half interest in said claim, and $2,350 owing by N. to him. Plaintiff demanded judgment against the defendants for $10,000. The complaint was dismissed on the pleadings. *Held,* no error.

Also, *held,* this action could not be sustained as a suit by plaintiff, as assignee of the contract between N. and V. W., the cause of action alleged in the complaint here being *ex delicto.*

The lien which the law gives attorneys for their services only arises after judgment, and is a right to have the judgment held for the debt, together with any security for the judgment, such as bail, until the lien is discharged, and to the extent of the lien payment by the defendant in the judgment to the plaintiff after notice, to the prejudice of the attorney, will be no discharge.

It is competent for the parties acting *bona fide* to settle and discontinue a suit before judgment, without consent of the attorney, and he is remitted to his remedy against his client for his compensation.

Where such settlement is made collusively, for the purpose of defrauding the attorney, courts will intervene to protect him, permitting him to proceed with the suit, and if he is able to establish a right to recover on the cause of action as it originally stood, to permit such recovery to the extent of his costs in the action, and will set aside an order of discontinuance if it stands in the way.

An attorney, however, has no right to bring an equitable action to enforce his inchoate right, as an attorney, where there has been a fraudulent settlement of the case.

Reported below, 22 J & S., 483.

(Submitted June 21, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 18, 1887, which affirmed a judgment dismissing the complaint herein entered upon trial at circuit.

This action was brought to recover damages for the alleged wrongful acts of the defendant, Jacob Van Wagenen, in procuring the settlement and discontinuance of a former action brought against him by his co-defendants.

The facts are sufficiently stated in the opinion.

*E. Countryman* for appellant. An answer having been interposed to the complaint, if the facts alleged constituted a cause of action, either at law or in equity, the plaintiff was entitled to recover judgment accordingly, without reference to the propriety of his claim for damages or of his demand for relief. (*Emery* v. *Pease,* 20 N. Y. 62, 64, 65 ; *N. Y. I. Co.* v. *Ins. Co.,* 23 id. 357 ; *Armitage* v. *Pulver,* 37 id. 494 ; *Winstead Bk.* v. *Webb,* 39 id. 328 ; *Wright* v. *Wright,* 54 id. 437 ; *Williams* v. *Slote,* 70 id. 601, 602 ; Code Civ. Pro. §§ 519, 1207 ; *Murtha* v. *Curley,* 90 N. Y. 372, 377 ; *Wetmore* v. *Porter,* 92 id. 77 ; *Bell* v. *Merryfield,* 109 id. 202 ; *Chat-*

*field* v. *Simonson,* 92 id. 216; *Hemmingway* v. *Poucher,* 98 id. 281; *Greentree* v. *Rosenstock,* 61 id. 583; *Marie* v. *Garrison,* 83 id. 14, 23; *Lorillard* v. *Clark,* 86 id. 385; *St. John* v. *Northrup,* 23 Barb. 26, 30; *Cody* v. *Allen,* 22 id. 388, 394, 395; *In re Wall,* 18 N. Y. 119.) The original cause of action having arisen on contract, and defendant Van Wagenen having had notice of the agreement and the assignment to this plaintiff, the settlement was in fraud of his rights. (1 Rumsey's Practice, 30, 34; *Rooney Case,* 18 N. Y. 368, 369; *Ely* v. *Cooke,* 28 id. 365; *In re Knapp,* 85 id. 293–298; *Marshall* v. *Meech,* 51 id. 140; *In re Coughlin,* 71 id. 443; *Williams* v. *Ingersoll,* 89 id. 510; *Dimick* v. *Cooley,* 3 Civ. Pro. Rep. 142; *In re Risely,* 83 N. Y. 318; *In the Matter of Williams,* 89 id. 508; *Wilber* v. *Baker,* 24 Hun, 24; *Forstman* v. *Schulting,* 35 id. 504; *McGregor* v. *Comstock,* 28 N. Y. 237.) If notice of the attorney's lien has been given to the adverse party, and the latter disregards the notice and pays the judgment, or compromises it with the client, such adverse party is liable to the attorney for the amount of his lien. (1 Jones on Liens, § 204; Weeks on Attorneys, § 379; Wharton on Agency, § 627; *Martin* v. *Hawks,* 15 Johns. 405; *Wilkins* v. *Batterman,* 4 Barb. 47, 48; *Adams* v. *Fox,* 40 N. Y. 577; *Schackelton* v. *Hart,* 20 How. 39; *Kip* v. *Rapp,* 20 How. [N. S.] 169; *Stahl* v. *Wadsworth,* 10 State Rep. 228; *Heartt* v. *Chipman,* 2 Aik. 162; *Hobson* v. *Watson,* 34 Me. 20; *McKenzie* v. *Wardwell,* 61 id. 136; *Fairbanks* v. *Sargent,* 104 N. Y. 108.) The gravamen of the action is a legal or equitable fraud practiced upon him as distinguished from fraud in fact, and the additional and unnecessary allegations of conspiracy and collusion do not change the nature of the action. (*Graves* v. *Waite,* 59 N. Y. 156; *Ross* v. *Terry,* 63 id. 613, 614; *Neftel* v. *Lightstone,* 77 id. 96; *Ledwich* v. *McKim,* 53 id. 308, 316; *Shannon* v. *Kims,* 83 id. 245; *Greentree* v. *Rosenstock,* 61 id. 583; *Austin* v. *Rawdon,* 44 id. 63; *Conaughty* v. *Nichols,* 42 id. 83; *Segelken* v. *Meyer,* 94 id. 474; *Brackett* v. *Gris-*

*wold,* 112 id. 454, 466, 467; *Salisbury* v. *Home,* 87 id. 128; *McMichael* v. *Kilmer,* 76 id. 36; *Bonus* v. *Quigley,* 59 id. 265; *Elwood* v. *Gardner,* 45 id. 349; *Ross* v. *Mather,* 51 id. 108; *Walter* v. *Bennett,* 16 id. 250; *Townsend* v. *Hendricks,* 40 How. 143.) It being conceded that the material facts stated were sufficient, if properly alleged, to authorize an action by the assignee on the contract, it necessarily follows that with the additional elements of fraud, the same facts would be sufficient to support an action *ex delicto.* (*Verplanck* v. *Van Buren,* 76 N. Y. 247; *Quimby* v. *Strauss,* 90 id. 664; *Place* v. *Minister,* 65 id. 89; *Snow* v. *Saddlemire,* 8 Wend. 676.)

*Charles M. Marsh,* for respondent. In order to lay the foundation of any civil action of damage for a conspiracy the acts complained of must have been illegal. (*B. L. O. Co.* v. *Everest,* 30 Hun, 588; *Tuttle* v. *Village of Cortlandt,* 21 Week. Dig. 528; *Compton* v. *Whitehouse,* 48 Supr. Ct. 208; *Pulver* v. *Harris,* 52 N. Y, 76; *Coughlin* v. *N. Y. C. & H. R. R. R. Co.,* 71 id. 448; *Stahl* v. *Wadsworth,* 13 Civil Pro. Rep. 32.) While under the authorities the settlement was a valid and legal exercise by the plaintiff of his rights as master of the suit, its only validity was between the parties. The attorney had the right to continue the litigation for the purpose of enforcing his lien. This settlement was no injury to it. (*Coughlin* v. *N. Y. C. & H. R. R. R. Co.,* 71 N. Y. 448; *Tullis* v. *Bushnell,* 65 How. 465; *McCabe* v. *Fogg,* 2 Mon. L. B. 71; *Foreman* v. *Edwards,* 14 Week. Dig. 408.)

ANDREWS, J. The suit of O'Neil and others against the defendant Van Wagenen was settled and discontinued in 1877 by agreement between the parties without the consent of the attorney for the plaintiffs. The attorney subsequently brought this action against the parties to the former action, alleging the existence of a cause of action on contract in favor of the plaintiffs in the former action against the defendant therein for $10,799.35; the bringing of an action thereon by him as attorney for the plaintiffs; an agreement between the

plaintiffs in that action and their attorney to give him one-half interest in the claim and in any recovery as compensation for his services, and an ownership therein to that amount for such compensation, and a further agreement that the attorney should hold the entire claim as collateral security for his compensation, and for other indebtedness owing by the plaintiffs to the attorney, and that the plaintiffs made a parol assignment to the attorney of the entire claim for these purposes. The complaint further alleges that the defendant Van Wagenen had notice, in 1875, of the said agreement, and that the parties to the action fraudulently and collusively, and without the knowledge or consent of the attorney, settled and discontinued the action to cheat and defraud the attorney of his interest and rights under the agreement. It is alleged that the claim was good and collectible, and that the attorney, by reason of such fraud, has lost the one-half interest in the claim, and also the sum of $2,350 owing by the O'Neils to him for professional services in other matters and proceedings, and the plaintiff demands judgment against the defendants for $10,000.

The complaint was dismissed, and we think properly. So far as the claim of the plaintiff is founded upon the lien which the law gives attorneys for their services, there is no foundation for the action. By the common law an attorney, by commencing a suit, acquires no lien on the cause of action. The lien only arises after judgment, and is a right to have the judgment held for the debt, together with any security for the judgment, such as bail, until the lien is discharged, and to the extent of the lien payment by the defendant in the judgment to the plaintiff after notice, to the prejudice of the attorney, will be no discharge. (*Pulver* v. *Harris*, 52 N. Y. 73; *Platt* v. *Jerome*, 19 How. [U. S.] 384; *Martin* v. *Hawks*, 15 Johns. 405; *People ex rel. Manning* v. *N. Y. C. P.*, 13 Wend. 652.) From the principle that there is no lien until judgment, it follows that it is competent for the parties acting *bona fide* to settle and discontinue a suit before judgment, without the consent of the attorney, and he is remitted

to his remedy against his client for his compensation. (*Pulver* v. *Harris, supra,* and cases cited.) But where such settlement is made collusively for the purpose of defrauding the attorney out of his costs, courts have been accustomed to intervene and to protect the attorney by permitting him to proceed with the suit, and if he is able to establish a right to recover on the cause of action as it originally stood, to permit such recovery, to the extent of his costs, in the action. (*Coughlin* v. *N. Y. C. & H. R. R. R. Co.,* 71 N. Y. 443, and cases cited.) And the court will set aside an order of discontinuance if it stands in the way. This is an adequate remedy, and, we think, the exclusive remedy, where the suit has been fraudulently settled by the parties before judgment, to cheat the attorney out of his costs. We have found no case of an equitable action to enforce the inchoate right of an attorney under such circumstances, and no such precedent ought, we think, to be established. (*Goodrich* v. *McDonald,* 112 N. Y. 164; *Talcott* v. *Bronson,* 4 Paige, 502; *Tul'is* v. *Bushnell,* 65 How. 465.) This disposes of the action so far as it seeks to enforce, by means of an independent and original suit, the equitable right of the plaintiff, sought to be defeated by the alleged fraudulent and collusive settlement.

The only other aspect of the action which gives it any color of foundation is presented by the allegation of an actual transfer to, and ownership by, the plaintiff of the cause of action embraced in the original litigation, of which the defendant, Van Wagenen, is alleged to have had notice, and which is to be assumed as the case stands. It is claimed that the action may be maintained as one brought by the plaintiff as assignee of the original debt owing by the O'Neils to Van Wagenen. It would probably be a sufficient answer to this position that such a construction of the complaint was not, so far as appears, claimed on the trial. But a more satisfactory answer is that such was not, in fact, the nature of the action. There is no contract between the O'Neils and Van Wagenen set out in the complaint. It alleges, by way of inducement merely, that the O'Neils had a claim or demand against Van Wagenen on

contract, amounting to $10,799.35, but what the contract was, whether the claim was for work, labor or services, or for money had or received, or goods sold, or upon what consideration the claim was founded, is not intimated. The pleader evidently commenced his action on the theory that his cause of action was *ex delicto*, the gravamen being the fraudulent and collusive settlement by which he was prevented from prosecuting the action to judgment, and thereby obtaining the fruit of his agreement with the O'Neils. Assuming that, after the discontinuance of the original action, Randall could have brought a suit, as assignee, on the contract between the O'Neils and Van Wagenen, this was not such an action, and the plaintiff is not entitled to any strained construction of his pleading to relieve him from a position in which he intentionally placed himself.

The judgment is right, and it should, therefore, be affirmed.

All concur.

Judgment affirmed.