## JOHN FARRY v. JOHN M. DAVIDSON *et al.*

ATTORNEYS' LIEN *for Fees — Independent Action to Enforce and Collect.* An action for false imprisonment in which the attorneys for the plaintiff had filed an attorney's lien, and given notice thereof to the defendant in the action, was thereafter settled between the plaintiff and the defendant, and the plaintiff dropped out of the case; whereupon, without any motion for substitution, the case proceeded, over the objection of the defendant, as upon an issue between the plaintiff's attorneys and the defendant for the recovery of the attorneys' fees under their lien and notice. *Held,* Error; and that the attorneys must proceed in an independent action to establish their lien and collect their fees. (*K. P. Rly. Co. v. Thacher,* 17 Kas. 92.)

*Error from Chautauqua District Court.*

THE case is stated in the opinion. The judgment complained of was rendered at the November term, 1887.

*John W. Shartel,* for plaintiff in error.

*Whitney & Donelson,* and *J. D. McBrian,* for defendants in error.

Opinion by STRANG, C.: January 13, 1887, John M. Davidson brought an action in the district court of Chautauqua county against John Farry for false imprisonment. Pending the trial of the case and before the issues were fully made up, the plaintiff and defendant settled their differences, and the plaintiff gave the defendant a receipt in full, except the claim of his attorney. When the case was begun the attorneys for the plaintiff filed a lien in the case for attorneys' fees, claiming $500, and served a copy of this lien upon the defendant Farry. Notice of this lien was served upon Farry before his settlement with Davidson. After the settlement between Davidson and Farry, Farry asked and obtained leave to file a supplemental answer in the case, and set up his settlement with Davidson. Whitney & Donelson, Davidson's attorneys, then asked leave to reply, which was granted. They filed a reply alleging that they were the attorneys of Davidson, and as such commenced this suit against Farry, at which time they filed an attorneys' lien for their fees, claiming $500, and served a copy of such lien upon Farry; that their services were worth $500. Thereafter, without any notice for substitution, or any leave of court in any manner obtained, making Whitney & Donelson parties to the action, the case proceeded as upon an issue between Whitney & Donelson, the attorneys for Davidson, the plaintiff, and Farry, Davidson dropping entirely out of the case. Upon this issue, over the objection of Farry all the time, the case was tried by a jury, resulting in a verdict for Whitney & Donelson for $280. A motion for a new trial was filed and overruled, and judgment entered on the verdict.

There are numerous errors alleged in the case and argued at length in the brief of plaintiff in error, most of which we do not care to consider, as it seems to us that the whole proceeding subsequent to the supplemental answer was erroneous. We do not think there was anything for the court to settle except the question of costs, after the supplemental answer was filed. Whitney & Donelson could not litigate their rights under their employment with Davidson and their notice of

lien, in the case between Davidson and Farry. They had settled and Davidson had gone out of court, and Farry had a right to go when the court had settled the question of costs between him and Davidson, and he had complied with the order of the court with respect thereto. Whatever rights Whitney & Donelson had under their lien and notice thereof, they must litigate in an action brought for that purpose. In this case they were simply intruders. They stepped in without leave from anyone, and without asking leave, and, over the objection of the defendant Farry, at once proceeded to try an issue not involved in the case. In other words, at once instituted a case of their own against Farry, giving it the place in court of the case that had just dropped out by settlement and satisfaction between the parties thereto. We know of no such easy road into court. They could not form an issue with Farry to try their rights under the notice of their lien in that summary way.

If this case as between Whitney & Donelson and the defendant Farry had any standing in court, it would have to be reversed because of errors in the instructions of the court, which seem to be very faulty. The court not only assumed that a judgment would have been found against the defendant if the case between Davidson and Farry had been tried through, but assumed the amount of such judgment and then gave that amount to the jury as a basis for finding the value of the services of Whitney & Donelson. The court also practically instructed the jury what evidence they should believe and take as the basis for their finding as to the value of the services of the attorneys Whitney & Donelson. In jury trials the court should leave something open for the jury to pass upon. In this case the court assumed everything against the defendant except the value of the services of the attorneys, and told them what witnesses they should believe upon that subject.

Counsel for the defendants ask us to reverse the case because of error on the part of the court in refusing to give an instruction which they asked in relation to the champertous

character of the contract between Whitney & Donelson and their client, whereby they agreed to take and try the case. There was evidence in the case upon that question, and as the court gave nothing in its general instructions upon that subject, it was the court's duty to give an instruction, if asked so to do, upon that subject. Such instruction, however, should be so drawn as to properly present that question to the jury. As we think the instruction asked in this case upon that subject somewhat incomplete, and as this case must be reversed upon other grounds, we will not pass upon this question now. We recommend that the judgment of the district court be reversed.

By the Court: It is so ordered.

All the Justices concurring.