SHERRY v. OCEANIC STEAM NAV. CO., Limited.

(Circuit Court, S. D. New York. November 1, 1895.)

1. PRACTICE—ATTORNEY'S LIEN.
     An attorney has no lien, at common law, on his client's cause of action.

2. SAME—FOLLOWING STATE LAWS.
     The federal courts are not required, by Rev. St. § 914, providing that the federal practice, etc., shall be conformed as near as may be to that of the state, to adopt every subordinate provision of a state code of procedure; and a state statute, giving to an attorney a lien for his compensation upon his client's cause of action, will not be adopted or followed in a federal court, so far as it is construed to require the court to go on and try a cause, for the attorney's benefit, after the defendant has settled the plaintiff's claim, and paid him, in ignorance, and without notice of an agreement between the plaintiff and his attorney for compensation to the latter out of the proceeds of the suit.

This was an action by William Sherry against the Oceanic Steam Navigation Company, Limited, to recover damages for a personal injury. The plaintiff had agreed in writing to pay his attorney one-half of any money realized by judgment, settlement, or otherwise, stipulating that the agreement should be a lien on any such money. After the commencement of the action it was settled between the parties, without the knowledge of the attorneys on either side, by the payment of $100 by the defendant to the plaintiff. When the case appeared upon the calendar for trial, the defendant's attorneys moved to strike it from the calendar as settled. Decision upon the motion was reserved, and the plaintiff's attorney thereupon secured an order upon the defendant to show cause why he should not be allowed to prosecute the action for his own benefit. In his affidavit the plaintiff's attorney alleged, upon information and belief, that the defendant knew of his contingent interest in the recovery; but this was positively denied by the

defendant's agent and attorneys. The New York Code of Civil Procedure, as amended in 1879, provides as follows:

Section 66. The compensation of an attorney or counsellor for his services, is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision, or judgment in his client's favor and the proceeds thereof in whosoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment.

Herman H. Shook, for plaintiff.
Foster & Thomson, for defendant.

LACOMBE, Circuit Judge. Plaintiff's attorney had no lien at common law on the cause of action. Randall v. Van Wagenen, 115 N. Y. 527, 22 N. E. 361; Swanston v. Mining Co., 13 Fed. 215. His sole reliance is on the amendment passed in 1879 to section 66 of the Code of Civil Procedure, an act which relates to state courts, officers of justice, and civil proceedings. Section 914 of the United States Revised Statutes does not operate to import this act in its entirety into the federal system of jurisprudence. It simply undertakes to conform the federal practice, pleadings, and forms and modes of proceeding in civil causes to the state model, only "as near as may be," not as near as may be possible, nor as near as may be practicable. It remains still with the judges of the federal courts to construe, and in a proper case reject, any subordinate provision in such state statute as would unwisely incumber the administration of the law, or tend to defeat the ends of justice in their tribunals. Railroad Co. v. Horst, 93 U. S. 300. Without expressing any opinion generally as to the character of such legislation as finds expression in the amendment referred to, it is sufficient to say that any such construction of it as would require this court to go on and try a cause after the defendant had adjusted the plaintiff's claim to plaintiff's satisfaction, and paid him the same, in ignorance, and with no notice of any agreement between plaintiff and his attorney, would unwisely incumber the administration of the law. Whatever rights the state statute may give the attorney against his client or his adversary he may prosecute in the state court, but such statute cannot operate to constrain this court to incumber its calendar with a case all controversy in which has been finally settled between the parties.