(19 App. Div. 615.)

### MURPHY v. DAVIS et al.

(Supreme Court, Appellate Division, Second Department. July 7, 1897.)

1. PARTIES—ACCOUNTING BY GUARDIAN.

To an action by an assignee of a certain share of a ward's claim on his former guardian, brought against such guardian, for an accounting, the ward is a proper party defendant, where he declines to join as a party plaintiff.

2. ACCOUNT—WHEN BILL MAINTAINABLE.

In an action by an attorney against D. and his former guardian for an account by the latter, plaintiff alleged that D. employed him to require the guardian to account, and agreed that plaintiff should have 40 per cent. of the amount realized; that afterwards D. sold and assigned to plaintiff 40 per cent. of his claim on his guardian, and plaintiff agreed to prosecute the claim as he might deem to D.'s advantage; that he was about proceeding to obtain an accounting as guardian when the latter and D. sought by collusion to make a settlement in order to defeat plaintiff's rights under said agreement; and that said guardian had not accounted, and by reason thereof plaintiff could not state the amount to which he was entitled. *Held,* that it was error to dismiss the complaint where the evidence showed that the guardian was liable to account to D., and that the settlement was made by the guardian with knowledge of the assignment.

Appeal from special term, New York county.

Action by Edward H. Murphy against Henry L. Davis, as guardian of Edward M. Davis, and Edward M. Davis, to compel the former to

account as such guardian. From a judgment entered on a decision at special term dismissing the complaint on the merits, plaintiff appeals. Reversed.

The defendant Edward M. Davis was the sole heir and next of kin of George Davis, Jr., and Sarah E. Davis, his father and mother, deceased. Letters of administration on the estate of each of them were issued to the defendant Henry L. Davis, and in the year 1879 he was appointed general guardian of Edward M. Davis, who was then an infant. In the year 1894, when the latter was upward of 21 years of age, he employed the plaintiff, who was then and yet is an attorney and counselor at law, to take proceedings by action or otherwise to require Henry L. Davis to account as such guardian, and agreed with the plaintiff that he should have for his services 40 per centum of the gross amount realized from the guardian. Later, the defendant Edward M. Davis and the plaintiff entered into a further agreement in writing, of date November 20, 1894, whereby, after reciting, among other things, the former agreement, Edward M. Davis sold and assigned to the plaintiff 40 per centum of his claim upon the defendant Henry L. Davis, as his guardian; and the plaintiff thereby agreed to prosecute the claim for Edward M. Davis against the estate of Sarah E. Davis and other persons referred to, as he (plaintiff) might deem to be to the advantage of Edward M. Davis. By his complaint, the plaintiff alleges all those facts, and the existence of such claim of Edward M. Davis against the defendant Henry L. Davis, as guardian. The plaintiff also alleges that he proceeded to investigate the matter of the estate of Sarah E. Davis, deceased, and instituted proceedings to compel Henry L. Davis to account as administrator, and was about proceeding to obtain his accounting as such guardian when the latter sought to arrange a compromise with Edward M. Davis, and, "by collusion and covin, to make an advantageous settlement, in order to defeat the plaintiff from obtaining his compensation, as provided in said agreement"; that Edward M. Davis "consented to and entered into such scheme" with Henry L. Davis, "for the purpose and object above named"; that such defendant has not filed any account as guardian; and that, because no accounting has been made, the plaintiff is unable to state the amount to which he is entitled. The relief sought by the plaintiff was an accounting by the defendant Henry L. Davis, as such guardian, with a view to the determination of the amount due to the plaintiff, and other relief.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

John J. Joyce, for appellant.
C. Elliott Minor, for respondents.

BRADLEY, J. The defendant Edward M. Davis was properly made a party defendant, because he declined to join as a party plaintiff. The relation of attorney and client between the plaintiff and defendant appears. The action, however, is not founded upon any lien in behalf of the plaintiff, nor could it be supported on such ground. The foundation on which the plaintiff rests his alleged right of action is an executed, as distinguished from an executory, agreement, by which the defendant Edward M. Davis assigned to him 40 per centum of the amount, whatever it was, which existed against the defendant Henry L. Davis, and for which he was liable to account as general guardian of the other defendant. The fact that there was some and a certain amount for which he, as such guardian, was liable to account, sufficiently appeared upon the trial for the purpose of the question presented on this review; and the evidence tended to prove, and it is not questioned, that the defendant Henry L. Davis was advised, when he negotiated the settlement with his ward, that such

agreement had been made between Edward M. Davis and the plaintiff.

Without adding any evidence to that introduced on the part of the plaintiff, the defendants' counsel moved that the complaint be dismissed, on the grounds (1) that no cause of action was alleged in it or proved; (2) that the plaintiff, as attorney of the court, could not maintain the action; (3) that his only remedy was by action at law against his client for damages. In granting the motion, the court expressed the view that the case came within the principles announced in Randall v. Van Wagenen, 115 N. Y. 527, 22 N. E. 361. In that case the plaintiff was an attorney and counselor at law. He alleged that, as such, he had been prosecuting an action in behalf of parties O'Niel against Van Wagenen, upon a cause of action on contract for upward of $10,000; that, as compensation for his services, it was agreed between him and the plaintiffs therein that he should have one-half the amount of any recovery which should be had; that it was further agreed that the plaintiff should hold the entire claim against Van Wagenen as collateral security for the payment to him of such compensation; that thereafter the O'Niels, fraudulently colluding with Van Wagenen to cheat and defraud the plaintiff, made an agreement with him in terms settling the claim, and discontinuing the action. The relief there sought was the recovery of a specific sum of money. The complaint in that action was dismissed at the opening of the trial, on the ground that it failed to state facts sufficient to constitute a cause of action. In the view here taken of that case, it has no controlling application to the question upon which the disposition of the present case depends. In the Randall Case it was held that the complaint was properly dismissed, because (1) it could not be supported as for a lien, for reasons well established by authority; and (2) the action could not be sustained by the plaintiff as assignee of the O'Niels, because the complaint in that aspect alleged no cause of action against Van Wagenen upon which to found any recovery, in that no contract as the foundation of any claim of the O'Niels against him was alleged. And the court added:

"Assuming that, after the discontinuance of the original action, Randall could have brought a suit, as assignee, on the contract between the O'Neils and Van Wagenen, this was not such an action."

In the case at bar the plaintiff alleges and proves, not only the assignment to him, but also that the defendant was liable to account to his assignor for some, and the evidence tends to prove an amount. The apparent purpose of the action is to compel the defendant, as such general guardian, to account, which is the subject of equitable jurisdiction, as his relation is in such sense that of trustee; and for such purpose the jurisdiction of this court, as a court of equity, is concurrent with that of the surrogate's court. Haddow v. Lundy, 59 N. Y. 320; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263. It is difficult to see, in the situation as presented by the pleadings and proofs, how the dismissal of the complaint can be supported. The settlement made with Edward M. Davis by the defendant Henry L. Davis, charged with notice of the assignment to the plaintiff, did not con-

clude the latter. It is true that was an agreement made between attorney and client, and, as between them, considerations may arise not applicable as between parties otherwise situated. But that relation does not have any necessary bearing upon the question presented on this review. The contest here arises upon the appeal of the plaintiff, between him and the defendant Henry L. Davis only. It is true that the value of such services as the plaintiff rendered for his client does not appear; nor is it essential that it should for the purposes of this review. It does appear that he performed some service; and if, as between him and Edward M. Davis, by reason of their relation, it should be claimed to be inequitable to allow the plaintiff the full amount of the 40 per cent., that is a matter properly for consideration, in view of such proof as may be given on the subject. It is sufficient for the purposes of this review that such relation does not, so far as appears, deny to the plaintiff the right to some relief upon the cause of action alleged by him, and which the evidence tended to establish. Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263. And although an agreement between attorney and client for a share in the subject of an action as compensation for its prosecution by the former may be regarded with suspicion, and will not be extended by construction unfavorably to the client, it is not presumed to be void. Burling v. King, 2 Thomp. & C. 545; Fowler v. Callan, 102 N. Y. 395, 7 N. E. 169.

The defendant Edward M. Davis appeared in the action, and answered. By his answer, he recognized the agreement between him and the plaintiff, and hereinbefore referred to, and made no attack upon it, its purpose or fairness. This, however, can be the subject of consideration upon another trial, if any occasion for it there arises.

These views lead to the conclusion that the judgment should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.