MILLER, Appellant, v. KIEHL, Respondent. (Supreme Court, Appellate Term. October 1, 1897.) Action by Lisette Miller against Lina Kiehl. A. P. Wagener, for appellant. A. W. Venino, for respondent. No opinion. Affirmed, with costs.

In re MULLER. (Supreme Court, Appellate Division, First Department. October 22, 1897.) In the matter of Anna Muller. No opinion. Motion denied.

MULLER v. MAYOR, ETC., OF CITY OF NEW YORK. (Supreme Court, Appellate Division. First Department. October 22, 1897.) Action by Michael Muller against the mayor, etc., of the city of New York. No opinion. Motion granted, with $10 costs. See 46 N. Y. Supp. 1097.

MULLER v. MULLER et al. (Supreme Court, Appellate Division, First Department. October 22, 1897.) Action by Marc J. E. Muller against Leon E. Muller and others. No opinion. Motion denied.

MUNZINGER, Respondent, v. UNITED PRESS, Appellant. (Supreme Court, Appellate Division, First Department. October 22, 1897.) Action by Louis Munzinger against the United Press. W. C. Davis, for appellant. B. Paterson, for respondent. No opinion. Judgment affirmed, with costs. See 46 N. Y. Supp. 1097.

MURPHY, Appellant, v. DAVIS. Respondent. (Supreme Court, Appellate Division, First Department. May 21, 1897.) Action by Edward H. Murphy against Henry L. Davis, as guardian, etc. W. G. Romaine, for appellant. C. E. Minor, for respondent. No opinion. Order modified so as to provide that in case the judgment appealed from is affirmed the respondent shall not retax against the plaintiff the costs required to be paid by this order, and as thus modified affirmed, without costs to either party. See 46 N. Y. Supp. 314.

MYERS, Appellant, v. GAFFEY, Respondent. (Supreme Court, Appellate Division, Third Department. November 10. 1897.) Action by Margaret Myers against Daniel J. Gaffey.

LANDON, J. Memorandum for affirmance without opinion. Action to set aside deed alleged to have been procured by fraud or duress. Upon the facts found by the trial court, this judgment is right. I have read the evidence, and I think the findings of fact are right. I do not think the plaintiff was imposed upon or coerced by duress. Michael H. Myers bought the real estate in question in December, 1891, for $15,000, $3,000 of which he raised at the expense of defendant, and $12,000 of which he secured by mortgage upon the premises. Michael H. Myers, October 4, 1893, conveyed the premises to the plaintiff, his sister, subject to the $12,000 mortgage, in consideration of $2,800 which he owed her, and her promise to pay their sister Ellen $2,500, which Michael owed her. Michael died November 24, 1893, hopelessly insolvent, and indebted to the defendant in the above $3,000, and another

$3,000; total, $6,000,—and about $9,000 to other parties. The defendant, the plaintiff, and her sister, Ellen, were executors of Michael's will. All qualified, and when the deed here in question was made by plaintiff to defendant, January, 1896, both parties knew the situation of affairs. From Michael's death, November, 1893, to December, 1895,—two years,— the relations of the plaintiff and defendant were cordial; and defendant showed no disposition to insist upon getting this real estate, or anything out of it. But in early December, 1895, the defendant learned that Ellen, plaintiff's sister, who, with her, had been living in apartments in the building upon the premises, was about to marry one Foley; and he then insisted that the premises should be conveyed to him, so that he could get his money out of them, as he was unwilling that Foley should enjoy them at his expense. This insistence upon defendant's part led to the conveyance here in question. The consideration was $14,000; $12,000 being the old mortgage, $1,700 in cash, and $300 in other items. Besides, the defendant assigned to plaintiff his claim against Michael's estate. This consideration, the trial judge finds, was ample. The plaintiff's witnesses fix the value of the premises at the time of the conveyance to defendant at, say, $17,-000 (a high average of their testimony); the defendant's witnesses, at about $15,000. If, as the evidence permits us to infer, the plaintiff, in view of the fact that, of Michael's indebtedness to defendant of $6,000, $3,000 was in effect in this property, concluded to restore to him the $3,000, or some considerable part of it, no question could remain as to the fairness of the transaction. The plaintiff made, in that view, some concession, which the law did not require her to make, but which it was no more than just to the defendant that she should make. She repented after she had made it. Nevertheless. she was fully advised, and she conceded to the defendant more liberal terms than she was advised to do. The judgment should be affirmed, with costs.

NELLIS v. HINSDALE. (Supreme Court, Appellate Division, First Department. October 15, 1897.) Action by Eudora H. Nellis against Christine H. Hinsdale. No opinion. Motion granted, with $10 costs.

NERESHEIMER et al., Respondents, v. SMYTH, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) Action by E. August Neresheimer and others against Thomas A. Smyth. No opinion. Judgment affirmed, with costs.

NEWPORT IMP. CO., Appellant, v. HOME INS. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) Action by the Newport Improvement Company against the Home Insurance Company. No opinion. Judgment affirmed, with costs.

NICHOLS et al., Appellants, v. NEHRBAS, Respondent. (City Court of New York, General Term. October 6, 1897.) Action by James E. Nichols and others against Philip