Argued 20 February, decided 20 March, 1906.

## JACKSON v. STEARNS.

84 Pac. 798.

ATTORNEY'S LIEN—WHEN BECOMES ENFORCEABLE.

1. Both by general law and the terms of the Oregon statute (B. & ·C. Comp. § 1063) an attorney has no lien for his services before judgment or decree, and until then the client may dismiss or compromise the case without reference to any contract with the attorney.

VALIDITY OF AGREEMENT WITH ATTORNEY NOT TO COMPROMISE LEGAL
        PROCEEDING—PUBLIC POLICY.

2. A clause in a contract stipulating for the payment of compensation to an attorney for performance of service in prosecuting a legal proceeding, and providing that the client shall not settle or dismiss the proceeding prior to the rendition of judgment, when the attorney's lien would attach, is against public policy and void.

PLEADING—SUFFICIENCY AGAINST GENERAL DEMURRER.

3. A pleading is good as against a general demurrer if it states at all or in any place a good cause of action or defense, and other matter may be eliminated for the purpose of the demurrer.

REMEDY OF ATTORNEY FOR FRAUDULENT DISMISSAL OF ACTION.

4. Though a party may without the consent ·of his attorney make a bona fide adjustment with the adverse party and dismiss a legal proceeding, yet if it appears that the adjustment was collusive, and with the intent on the part of both parties to defraud the attorney, the court may, to protect him, set aside the dismissal, and permit him to proceed in the cause in the name of his client to a final determination to ascertain what sum, if any, is due for his services.

FRAUDULENT COMPROMISE OF SUIT—INTENT OF CLIENT.

5. Before a court will set aside an order dismissing a legal proceeding without the consent of plaintiff's attorney and allow the latter to proceed with the cause in the name of his client to determine the amount of fees due him, it must appear that the client participated in the fraudulent intent to deprive the attorney of his compensation.

FRAUDULENT COMPROMISE—EVIDENCE OF BAD FAITH.

6. Where a legal proceeding is settled without the consent of the attorney, who has performed services under a contract, the adequacy of the consideration is an element to be considered in determining whether the settlement was made in good faith.

FRAUDULENT SETTLEMENT OF SUIT—PLEADING BAD FAITH.

7. In a suit by an attorney for the double purpose of enjoining the dismissal of another suit, on the ground that such dismissal was collusive and for the purpose of defrauding him of his fees, and to set aside a deed made pursuant to dismissal, an allegation that the value of the property conveyed by the deed was $3,000, but that the deed was executed for a nominal consideration, is sufficient as an averment of the bad faith of the defendant in the original suit.

COLLUSIVE DISMISSAL OF SUIT—RIGHTS OF INJURED ATTORNEY.

8. Where a client, without the knowledge or consent of his attorney, settles a legal proceeding collusively for the purpose of depriving the attorney of his fees, the latter may, by giving to the party sought to be charged notice of his intention to continue the cause in the name of his client for the recovery of his fees only, continue the proceeding for that purpose, and hence is not entitled to maintain a proceeding to enjoin the dismissal.

STATUTE OF FRAUDS—CANCELING DEED—INTEREST OF PLAINTIFF.

9. Where an agreement between a client and his attorney, providing that the latter should prosecute a suit to remove a cloud from the title to certain land and receive one-half the land as his compensation in case the suit was successful, rested in parol, and the attorney never had possession of the land, he could not, in view of B. & C. Comp. § 793, requiring conveyances to be in writing, maintain a suit to set aside a deed from his client to the defendant in the original suit.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE MOORE.

This is a suit by C. S. Jackson against A. W. Stearns and H. J. Wilson, to enjoin the dismissal of another suit and to set aside a deed to real property. The complaint alleges, in effect, that the defendant Stearns, on September 22, 1904, was the owner and in the possession of 320 acres of land in Douglas County, particularly describing it, but that the defendant Wilson claimed to have some interest therein which constituted a cloud on the title; that Stearns employed plaintiff, who is an attorney, to bring a suit to remove the outstanding claim, representing that he had a meritorious cause, and could furnish the necessary evidence to substantiate his right, agreeing to give one half the real property if a favorable decree was secured, otherwise no compensation was to be paid, and also stipulating that he would not enter into any other agreement which would defeat the relief sought,

or settle the suit to be instituted without plaintiff's consent; that, relying upon such representations and contract, plaintiff immediately began the suit, and while it was pending the parties thereto fraudulently and collusively settled their difficulties, and Stearns, for a nominal consideration, executed a deed to Wilson of the entire real property which is of the value of $3,000; that Stearns, who is insolvent, is attempting to dismiss such suit, and, unless he is restrained from executing his endeavor, plaintiff, who is able, ready and willing to prosecute the cause to a successful termination, will suffer irreparable loss, to prevent which he has no plain, speedy or adequate remedy at law. A demurrer to the complaint herein, on the ground that it did not state facts sufficient to constitute a cause of suit was sustained, and, the plaintiff at that time declining further to plead, this suit was dismissed. He thereafter moved, however, to set aside the dismissal, and for leave to file an amended complaint which was tendered; but the motion was denied and he appeals from the decree dismissing the suit, and from the order refusing to permit an amended complaint to be filed.          AFFIRMED.

For appellant there was a brief over the names of *Andrew Murray Crawford, J. A. Buchanan* and *J. T. Long,* with an oral argument by *Mr. Crawford.*

For respondents there was a brief with oral arguments by *Mr. J. C. Fullerton* and *Mr. A. N. Orcutt.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. The question presented for consideration is whether or not the complaint states facts sufficient to constitute a cause of suit. No decree had been rendered in the suit brought to remove the cloud from the title when Stearns executed to Wilson a deed to the premises, and at that stage of the case the statute raised no lien as security for attorney fees: B. & C. Comp. § 1063. In the absence of a legislative enactment regulating the matter, the rule is quite general that prior to securing a judgment or a decree in his favor a party to a suit or an action may, without the knowledge or consent of his attorney, compromise the dispute involved, thereby preventing an attorney's lien from attach-

ing to the money or property received by the client in settlement:
3 Am. & Eng. Enc. Law (2 ed.), 465; 4 Cyc. 990. Thus, as was
said by Mr. Justice ANDREWS, in *Randall* v. *Van Wagenen,* 115
N. Y. 527 (22 N. E. 361, 12 Am. St. Rep. 828) : "From the
principle that there is no lien until judgment, it follows that it
is competent for the parties acting bona fide to settle and discon-
tinue a suit before judgment, without the consent of the attor-
ney, and he is remitted to his remedy against his client for his
compensation."

2. A clause in a contract stipulating for the payment of com-
pensation to an attorney for the performance of service in pros-
ecuting a suit or action, and providing that the client shall not
settle or dismiss the proceedings prior to the rendition of a
judgment or a decree therein, when the attorney's lien would
attach by giving the proper notice, is against public policy, and
therefore void: *North Chicago St. R. Co.* v. *Ackley,* 171 Ill. 100
(49 N. E. 222, 44 L. R. A. 177) ; *Davis* v. *Webber,* 66 Ark. 190
(49 S. W. 822, 45 L. R. A. 196, 74 Am. St. Rep. 81) ; *Key*
v. *Vattier,* 1 Ohio, 132. The reason assigned for this rule is
based on the theory that the interest of society in maintaining
peace demands the speedy settlement of controversies and advo-
cates the amicable adjustment thereof, and, as the desired har-
mony would not be promoted by denying to a party the right to
dismiss a suit or action without the consent of his attorney, an
agreement by the terms of which a client attempts to waive
such right is violative of public policy, and therefore unenforce-
able: *Elwood* v. *Wilson,* 21 Iowa, 523. The averment in the
complaint of the agreement not to settle the controversy with-
out plaintiff's consent is not a sufficient statement of facts to
constitute a cause of suit on this branch of the case.

3. The demurrer interposed in the case at bar was gen-
eral, and if any part of the complaint herein states facts
entitling the plaintiff to equitable relief, the challenge submitted
to his primary pleading for insufficiency should have been over-
ruled, and, this being so, that part of the complaint to which
attention has been called may be eliminated, and the remainder
thereof considered, to determine whether or not an error was

committed in sustaining the demurrer: Bliss, Code Pl. (3 ed.) § 417; 6 Ency. Pl. & Pr. 346; *Waggy* v. *Scott,* 29 Or. 386 (45 Pac. 774).

4. Though a party may, without the consent of his attorney, make a *bona fide* adjustment with the adverse party and dismiss an action or a suit before a judgment or a decree has been rendered therein, if it appears, however, that such settlement was collusive and consummated pursuant to the intent of both parties to defraud the attorney, the court in which the action or suit was pending may interfere to protect him, as one of its officers, by setting aside the order of dismissal, and permitting him to proceed in the cause in the name of his client as plaintiff to final determination to ascertain what sum of money or interest in the subject-matter, if any, is due him for his services when fully performed: *Jones* v. *Morgan,* 39 Ga. 310 (99 Am. Dec. 458) ; *Randall* v. *Van Wagenen,* 115 N. Y. 527 (22 N. E. 361, 12 Am. St. Rep. 828). See, also, the notes to *Hanna* v. *Island Coal Co.* 51 Am. St. Rep. 246, where it is said: "Sometimes a collusive settlement is made between the parties for the purpose of defrauding the attorney of his fee before any judgment or decree has been obtained. When there is an evident intention thus to cheat the attorney, and to defraud him of his rights, the proper course for the attorney to pursue is to proceed with the suit in the name of his client, notwithstanding the collusive settlement, for the purpose of collecting his costs." See, also, on the same subject, the notes to *Cameron* v. *Boeger,* 93 Am. St. Rep. 165. Mr. Justice EARL, in *Coughlin* v. *New York, C. & H. R. R. Co.* 71 N. Y. 446 (27 Am. Rep. 75), illustrating this principle, says: "It is certainly a general rule that parties to an action may settle the same without the intervention of the attorneys. Generally, a plaintiff who has a cause of action against a defendant may release and discharge it upon such terms as are agreeable to him. This he may do while the action is pending, and after judgment he may cancel and discharge the judgment. In all this generally he infringes upon no privilege, and violates no right of his attorney. But since the time of Lord Mansfield, it has been the practice of courts to intervene to protect

attorneys against settlements made to cheat them out of their costs. If an attorney has commenced an action, and his client settles it with the opposite party before judgment, collusively, to deprive him of his costs, the court will permit the attorney to go on with the suit for the purpose of collecting his costs." To the same effect is the case of *Falconio* v. *Larsen,* 31 Or. 137 (48 Pac. 703, 37 L. R. A. 254), which was continued in the name of the original plaintiff, notwithstanding an alleged settlement between the parties.

5. Before a court will set aside an order dismissing a suit or an action, made upon stipulation of the parties, without the consent of plaintiff's attorney, and allow the latter to proceed with the cause in the name of his client, to determine the amount of fees due·him, it must appear that the defendant participated in the fraudulent intent to deprive the attorney of his compensation: *Courtney* v. *McGavock,* 23 Wis. 619.

6. When no adequate consideration is given by the defendant for the settlement and discharge of an action or a suit, the insufficiency of the inducement to the contract affords evidence of his bad faith: *Young* v. *Dearborn,* 27 N. H. 324.

7. It will be remembered that the complaint alleges that the value of the real property in question is $3,000, and that Stearns executed to Wilson a deed to the premises for a nominal consideration. This is a sufficient averment of the defendant's intent to deprive the plaintiff of his compensation, thereby imputing to Wilson bad faith.

8. Based on the *prima facie* case thus made by the complaint herein, was the plaintiff entitled to maintain an independent suit in equity for the relief to which he is entitled? To avoid interminable litigation, the rule is quite general that an injunction will not be granted to stay proceedings in another equitable suit in the same court, either upon the application of the parties to the proceedings to be restrained, their privies, or of strangers thereto, when no reason is assigned why the relief desired was not invoked in the prior suit: High, Injunctions (4 ed.), § 52; Spelling, Extraor. Rem. (2 ed.) § 47; 16 Am. & Eng. Enc. Law (2 ed.), 372. The text-books cited in support of the legal prin-

ciple thus declared recognize in the same, or in succeeding para-
graphs, an exception to this rule in cases of interpleader. When
a plaintiff, without the knowledge or consent of his attorney,
settles a pending suit with an adverse party, the attorney, by
giving distinct notice to the party sought to be charged, of his
intention to continue the cause in the name of his client for the
recovery of his fees only, may proceed with the suit for that
purpose in such manner, notwithstanding the settlement: *The
Sarah Jane,* 1 Blatchf. & H. 401 (Fed. Cas. No. 12,348) ; *Peter-
son* v. *Watson,* 1 Blatchf. & H. 487 (Fed. Cas. No. 11,037). This
being the proper mode of securing the compensation to which
plaintiff was justly entitled, he could have obtained adequate
relief in the original suit, in the name of his client, and there
was no apparent necessity for his becoming a party to the prior
proceedings in equity by intervention or by bringing an inde-
pendent suit as in the case at bar.

   Thus, in *Randall* v. *Van Wagenen,* 115 N. Y. 527 (22 N. E.
361, 12 Am. St. Rep. 828), a suit having been settled and dis-
continued by agreement of the parties without the consent of
the plaintiff's attorney therein, the latter brought an independent
suit, as in the case at bar, against the parties to the former pro-
ceeding, to recover the compensation stipulated to be paid, but
the complaint was dismissed, the court holding that the attorney
should have proceeded in the original suit in the name of his
client, notwithstanding the settlement. In speaking of the
method to be pursued in such cases, Mr. Justice ANDREWS says:
"This is an adequate remedy, and, we think, the exclusive rem-
edy, where the suit had been fraudulently settled by the parties
before judgment, to cheat the attorney out of his costs. We have
found no case of an equitable action to enforce the inchoate
right of an attorney under such circumstances, and no such
precedent ought, we think, to be established. * * This disposes
of the action so far as it seeks to enforce, by means of an inde-
pendent and original suit, the equitable right of the plaintiff,
sought to be defeated by the alleged fraudulent and collusive
settlement." So, too, in *Story* v. *Hull,* 143 Ill. 506 (32 N. E.
265), the trial court dismissed an independent suit instituted

by an attorney to recover compensation to which he claimed to have been entitled for services performed in another suit, which was settled by agreement of the parties thereto without his consent. Mr. Justice BAKER, in deciding that case, observes: "Said decree properly dismissed the intervening petition of appellant out of court, on the ground that the court of equity had no jurisdiction of the subject-matter of such petition." In *Williams* v. *Ingersoll*, 89 N. Y. 508, an attorney was permitted to maintain an independent suit against adverse parties, to recover compensation due him for services performed in another suit in which a sum of money was found due from them to his client pursuant to an award. Before this money was paid, however, it was sought to be appropriated by legal proceedings instituted against such client by other parties. The right of the attorney to be paid out of the fund that he had created, in preference to others, was recognized on the ground that as the defendants in the independent suit had not paid the money to any person, they were stakeholders and came within the well-recognized exception to the general rule hereinbefore adverted to: 16 Am. & Eng. Enc. Law (2 ed.), 372.

We have not overlooked the cases of *Kansas Pac. Ry. Co.* v. *Thatcher*, 17 Kan. 92, nor *Farry* v. *Davidson*, 44 Kan. 377 (24 Pac. 419), where in the former case attorneys were permitted to maintain an independent action against an adverse party to recover fees due from clients, who, without consent of their attorneys, had settled the controversy involved, and in the latter case, under similar conditions, the attorneys were denied the right to proceed in the original action in the name of their clients to recover the compensation agreed upon. In the Kansas case first cited, a section of the statute of that State is quoted in the opinion as follows: "An attorney has a lien for a general balance of compensation * * upon money due to his client, and in the hands of the adverse party, in an action or proceeding in which the attorney was employed, from the time of giving notice of the lien to that party." In construing this provision, in *Kansas Pac. Ry. Co.* v. *Thatcher*, 17 Kan. 92, Mr. Justice

BREWER says : "Whenever an action is pending in which money is due, the attorney may establish his lien." Our statute contains a similar provision, to wit: "An attorney has a lien for his compensation, whether specially agreed upon or implied, as provided in this section. * * (3) Upon money in the hands of the adverse party, in an action, suit, or proceeding in which the attorney was employed, from the time of giving notice of the lien to that party": B. &. C. Comp. § 1063. If it be assumed that the clause last quoted warrants such a construction as was given to the Kansas statute in the cases mentioned, the rule there adopted cannot be invoked herein, for Wilson the adverse party did not have any money in his hands belonging to Stearns in the suit in which plaintiff was employed, nor so far as disclosed by the complaint was any notice of lien ever given to Wilson as the party to be charged.

9. It will be remembered that the relief sought by plaintiff in the case at bar, in addition to the injunction, was the cancellation of the deed executed by Stearns to Wilson. Plaintiff's contract with Stearns, whereby it is alleged in the complaint he was to receive a moiety of the land specified, if he secured a favorable decree in the original suit, was not evidenced by any writing, in the absence of which he secured no estate or interest in the premises: B. & C. Comp. § 793. Nor did he take possession of the land, so as to be able specifically to enforce the terms of his agreement as against his client, and hence he could not have Wilson declared a trustee holding the legal title for him. By proceeding in the original suit against Wilson in the name of his client, plaintiff might possibly have been able to recover compensation for his services, if he could have obtained therein the decree specified, but because of the insufficiency of his contract with Stearns, he could not secure a cancellation of the deed executed by his client to Wilson. The plaintiff was therefore not entitled to any part of the relief demanded in the complaint herein, and no error was committed in sustaining the demurrer thereto. The amended complaint states facts relied upon with greater particularity than the original pleading, but

(48th Or.—3)

as the averments thereof are insufficient to entitle plaintiff to the equitable relief invoked, the court did not abuse its discretion in refusing to permit the amended complaint to be filed.

It follows from these considerations that the decree should be affirmed, and it is so ordered.                    AFFIRMED.