HEISTER ET AL. adsm. DEN EX DEM. MOUNT.

In ejectment.

On a rule to show cause, why the defendant Heister, should not be discharged out of custody, on a *ca. sa.,* issued against him, for costs in this suit.

Parties to a suit may compromise or terminate it, without consulting their attorneys, provided they do it in good faith; and the attorneys must look to their clients for their costs. But when the parties collusively agree to practice a fraud upon their attorneys or either of them, this court will not aid them to consummate their unjust designs.

*W. Halsted* in support of the rule, stated that there had been a verdict for the plaintiff at the Circuit : that at the last term, a rule had been granted, for the plaintiff to show cause why that verdict should not be set aside &c., and that during the vacation, the parties had compromised ; the premises had been yielded up to the plaintiff or his assignee ; and that, defendant had paid or satisfied the plaintiff, the costs of the suit : and he insisted, that a cause is always under the control of the parties : they are principals ; the attorneys but their agents ; and agents are bound by the acts of their principals. That under certain circumstances, attorneys have liens, and rights, which the court will protect : that after final judgment, the court would perhaps, permit the attorney to sue out execution for his costs, upon proof of a collusive arrangement between the parties. But he insisted, that at any time pending a suit, the parties may compromise, or put an end to it, upon any terms they please, and that without any regard to the interests of their respective attorneys. The plaintiff, without consulting his attorney, may release the action ; the defendant in like manner, may give a cognovit, and even after judgment, the plaintiff, if acting in good faith, may forgive the debt and costs, or accept a less sum in satisfaction. And to show that an attorney cannot use the name of his client, after a settlement by him, of the cause, the counsel cited *Charlwood et al.* v. *Berridge,* 1 *Esp. N. P.* 345 ; and *Graves* v. *Eades,* 5 *Taunt.* 429.

*S. R. Hamilton* contra : read affidavits regularly taken in this case, and other documents, to show that here had been a fraudulent contrivance, between his client, *Mount,* the lessor of the

plaintiff, who he alleged was insolvent, and the defendant, to cheat him out of his costs : and he cited 1 *Archb. Pr.* 33 ; *Read* v. *Dupper*, 6 *T. R.* 361 ; *Turwin* v. *Gibson*, 3 *Atk.* 720 ; *Welsh* v. *Hole, Dougl.* 226 ; *Griffin* v. *Eyles*, 1 *H. Bl. R.* 122 ; *Mitchell* v. *Oldfield*, 4 *T. R.* 123 ; *Pinder* v. *Morris*, 3 *Caines' R.* 165 ; and *Martin* v. *Hawkes*, 15 *Johns'. R.* 405.

HORNBLOWER, C. J. From the affidavits read in this cause, it is more than probable that the lessor of the plaintiff was, and is insolvent, and that the defendant, at the time he took his receipt in full for the costs, was satisfied of that fact. But the case does not rest upon this ground. On the 25th of Jan. 1840, the plaintiff, (Mount,) made an assignment under his hand and seal to his attorney, of the costs, damages and mesne profits, in this cause. On the 18th February, 1840, Mount received from his attorney, the papers and documents in the cause, and gave him a receipt therefor, stating that the cause had been compromised by a sale of the premises to one Miller, who had sold the same to the defendant Heister, and that Heister was to remain liable to the attorney for the costs of the suit. On the same day, (the 18th February, 1840,) Mr. Hamilton, the attorney for the plaintiff, caused a copy of that receipt to be served on Heister, with a notice at the foot of it in these words : " Mr. Heister will arrange the costs in this cause accordingly, with Sam. R. Hamilton." Notwithstanding this notice, the defendant, on the day following, (the 19th February, 1840,) paid as he pretends, the costs to the plaintiff. If the fact was so, Mount acted dishonestly, having previously assigned all his right to those costs, to Mr. Hamilton ; and Heister acted in equally bad faith, having the day before received notice from Mr. Hamilton, that those costs were to be paid to him. But it is really doubtful, whether the costs, or any part of them, were ever paid by Heister to Mount. The bill of costs, was taxed at $98 87 ; at the bottom in full, the suit being settled and compromised ; Trenton, February 19th, 1840. Jno. Mount, jun." But in a conversation, at of it is written : " Received the amount of the above bill of costs ary Mount's house on the 2d March, 1840, between Mr. Hamilton, Mount and Heister, as testified to by Mr. Cunningham, Heister refused to tell how much he had paid Mount for the costs, and

Mount declared in the presence of Heister, that he had only settled his own interest in the matter and not Mr. Hamilton's : that he had nothing to do with that : that he did not understand that it was to interfere with anything due to Mr. Hamilton ; he only settled what was due to himself as he thought : to all which, Heister made no reply, except by saying he had paid Mount all he asked for. The transaction is too plain to be mistaken. It was manifestly a collusive combination between the parties, to defraud the attorney out of his costs, and it cannot prevail. The reason of the case, as well as the authorities cited by the counsel, call upon us to refuse this motion. Parties to a suit may undoubtedly compromise or terminate it, as they please, without consulting their attorneys, provided they do it in good faith; and their attorneys must look to their respective clients for their costs. But where the parties enter into a collusive agreement, to practice a fraud upon their attorneys or either of them, the court will not aid them to consummate their unjust designs. In *Martin* v. *Hawkes*, 15 *Johns. R.* 405, the attorney was permitted to sue the sheriff for an escape, in the name of his client, on a *ca. sa.* for costs, having directed the sheriff to pay over the money to him when recovered, and not to the plaintiff, and the sheriff was not suffered to avail himself of a release from the plaintiff; such release being a fraud upon the attorney.

The motion must be refused, and the defendant must pay the costs of resisting the motion.

All the judges concurred.

*Motion denied, with costs.*