## Young *v.* Dearborn.

The court will not inforce an agreement to dismiss an action if there appears to be any fraud or want of good faith towards the attorney, or collusion to defeat his claim for his fees and disbursements in the action.

Where no consideration, or no adequate consideration for the discharge appears, it will be evidence of bad faith.

An order of the superior court after verdict, that judgment be rendered on the verdict, will be deemed the judgment so far as to give the attorney a lien for his fees and disbursements.

If a party obtains a discharge of an action under such circumstances as ought to have put him on inquiry as to the claim of the attorney, the discharge will be void as to the attorney, as it would be after actual notice of his lien.

At a former term a verdict was returned for Young, and the superior court, prior to October term, 1851, upon a case transferred upon exceptions taken at the trial, ordered judgment to be rendered upon the verdict. At the said October term, Dearborn suggested that he had a discharge, under seal from Young, and the action was continued.

At the April term, 1852, Dearborn brought in an agreement, as follows :—

" Hillsborough, ss.
                Court of Common Pleas, April Term, 1852.

Wilson Young, defendant in review, *v.* Sherburn Dearborn, plaintiff in review. It is agreed by the parties to the above entitled suit, that the suit be discharged from the docket, and entered—Neither party.
                        (Signed,)      Wilson Young.
Betsy Allen, witness to Wilson Young's signature.
                        Sherburn Dearborn,
                        By his attorney, David Cross."

And moved that the same be put on file and inforced by the court.

*Pierce*, appeared for G. Barstow, Esq., and opposed the

motion, and asked that the rights " *ad litem* " of said Barstow should be protected.

The questions arising upon this motion were transferred to the superior court, and several depositions were laid before the court, which it is not necessary to state. Their substance, so far as was necessary to the decision, is sufficiently stated in the opinion of the court.

*H. A. Bellows*, with whom was *Cross*, for the defendant.

The case is this ; the parties come into court and offer to put on file, and make part of the record, an agreement for the disposition of the cause. ⸱ The agreement is entitled as of a term of the court of common pleas, where the action is pending. ⸱Unless some valid objection is interposed, it is the regular way to dispose of the action.

An objection is, however, made by the attorney of record for the plaintiff, to protect a lien which he sets up in the cause, and his authority to interfere depends upon the existence of such lien, that is, if he was duly authorized to appear.

We say he has no lien till judgment. *Getchel* v. *Clark*, 5 Mass. Rep. 309 ; *Foot* v. *Tewksbury*, 2 Vt. Rep. 97 ; *Potter* v. *Mayo*, 3 Greenl. 34. The attorney, then, has no lien in this case. *Potter* v. *Mayo*, is much like this. Until the case of *Shapley* v. *Bellows*, it was not settled in this State that there was any lien on a judgment. *Grant* v. *Hazeltine*, 2 N. H. Rep. 541.

There is no rule of law which gives an attorney a lien on the cause. If such a lien existed, it might be replied to a plea of release, that it was executed without the consent of counsel. The case is of frequent occurrence. No such plea can be found. No case can be found which supports the principle of such a lien. It is not for the public interest nor even for the interest of the profession, that such a lien should be established.

An attorney's lien is not good against a settlement with

the plaintiff, without notice of the lien. *People* v. *Harden-burg*, 8 Johns. 335 ; *Pinder* v. *Morris*, 3 Caine's 165; *Martin* v. *Hawks*, 15 Johns. 405; *St. John* v. *Dieffendorf*, 2 Wend. 261; *Welch* v. *Hall*, Doug. 238; *Grant* v. *Hazeltine*, 2 N. H. Rep. 541.

The court will not interfere in behalf of the attorney to prevent the plaintiff's settling his own cause. *Welch* v. *Hall*, Doug. 238; *Mitchel* v. *Oldfield*, 4 T. R. 123; *Griffin* v. *Eykes*, 1 H. B. 122; Tidd's Pr. 287-8.

II.   The relation of attorney and client did not exist in this case.   He cannot interfere, having neither an assignment of the claim nor a lien that the court will protect.

III.   Where the lien exists, it does not extend to extra costs and counsel fees, nor to commissions. *People* v. *Hardenburg*, 8 Johns. 335; *Ocean Ins. Co.* v. *Rider*, 22 Pick. 210.

It extends only to fees and disbursements in that cause strictly speaking. *Wright* v. *Cobleigh*, 1 Foster's Rep. 339.

*Clarke & Bell*, for the plaintiff.

I.   An attorney has a lien upon a judgment, by him recovered, for his fees and advances in the case. *Wright* v. *Cobleigh*, 1 Foster's Rep. 339 ; *Shapley* v. *Bellows*, 4 N. H. Rep. 347.

Judgment was ordered upon the verdict in this case.   It is a very narrow place for the defendant to slip in between the order of the court and the entry of that order upon the record, that he may deprive the plaintiff of a right " founded in strong equity and justice, and recognized very generally wherever common law is known."

The decisions in Maine and Massachusetts are founded on statutes of those States, and are without authority here.

II.   An attorney of the court where an action is pending is presumed to have acted with authority, until the contrary is proved. *Leavitt* v. *Wallace*, 12 N. H. Rep. 490.

The balance of the evidence supports the legal presumption.

Here was collusion between Young and Dearborn to defraud Barstow of his fees.  Nothing was paid or is pretended to have been paid to Young.  At the date of the paper produced, Dearborn had express notice of Barstow's claim ; but under the circumstances no such notice was necessary.

BELL, J.   It has been repeatedly decided here, that an attorney has a lien upon a judgment recovered through his agency, for his fees and disbursements in that cause.   *Shapley* v. *Bellows*, 4 N. H. Rep. 347 ; *Wright* v. *Cobleigh*, 1 Foster's Rep. 339.

It has not been decided here, nor elsewhere, so far as we are aware, that an attorney has any lien upon a cause, or right *ad litem*, until judgment rendered.   We regard it as settled, that generally a party to a suit has the right to adjust and compromise his action in such manner as he may think most for his own interest, and without consulting his attorney ; and that the attorney has no right to interfere, or power to prevent such compromise.   *Foot* v. *Tewksbury*, 2 Vt. Rep. 97 ; *Getchell* v. *Clark*, 5 Mass. Rep. 309 ; *Power* v. *Kent*, 1 Cow. 172 ; *Grant* v. *Hazletine*, 2 N. H. Rep. 541 ; *Jordan* v. *Hunt*, 3 Dowl. P. C. 666 ; *Nelson* v. *Wilson*, 6 Bing. 568.

But the courts so far take notice of and regard the equitable claim of the attorney to be reimbursed from the amount paid in settlement of a lawsuit, or recovered by a party by means of it, for his fees and disbursements in the cause, that wherever the party is obliged to ask the aid of the court to enforce, or carry into effect his settlement, the court, upon application, will examine into the good faith of the transaction, and will refuse to interfere or to afford any assistance, where they discover any trick or deception, any want of good faith, or any fraudulent contrivance by one of

the parties towards the other, or by the party making the application, towards his adversary's attorney, or any third person. In every such case they will leave the parties to their ordinary remedies at law to enforce their rights. *Jones* v. *Bonner*, 17 Law Jour. Ex. 343; *Krister* v. *Den*, 2 Harr. 438; *Talcott* v. *Bronson*, 4 Paige 501; *Swain* v. *Senate*, 5 B. & P. 99; *Grant* v. *Hazletine*, 2 N. H. Rep. 442; *Anon.* 2 Vez. 25; 1 Bac. Ab. Attorney, F.; *Ormerod* v. *Tate*, 1 East. 464; *DeLuneville* v. *Phillips*, 5 B. & P. 9; *Read* v. *Duppa*, 6 D. & E. 36; *Pinder* v. *Morris*, 3 Caine's 165; *Jordan* v. *Hunt*, 3 Dowl. P. C. 666; *Gould* v. *Davis*, 1 Dowl. P. C. 288; *Fleury* v. *Meath*, 1 Al. & Nap. 88; *Willie* v. *Phillips*, 3 Bing. N. C. 776.

Ordinarily, notice of the attorney's claim, and of his reliance upon the proceeds of the cause, or upon the judgment recovered, or expected for the payment of his claim, is necessary to be shown in order to render his lien upon the judgment effectual against the adverse party, or for the purpose of charging such party with any fraudulent intention to defeat the attorney's claim for his fees and disbursements. But actual notice of the claim of the attorney is not necessary in all cases for the protection of his rights. If the party acts in the face of circumstances, which are sufficient to put him on inquiry, he acts contrary to good faith, and at his peril. *Wilkins* v. *Betterman*, 4 Barb. S. C. 47; *Martin* v. *Hawkes*, 12 Johns. 343; *Tenbroeck* v. *Dewitt*, 10 Wend. 617; *Lake* v. *Ingham*, 3 Vt. Rep. 149.

If the suit was commenced by the attorney improperly and without authority, the court will not interfere in case the parties settle the action. *Abbot* v. *Rice*, 3 Bing. 132; 10 Moor 489; *Shepherd* v. *Phenock*, 1 Al. & Nap. 93.

We have examined the evidence laid before us in this case, and have arrived at the following results.

Young, in his affidavit, denies that he ever employed or authorized Mr. Barstow to commence this suit, but we think that such authority is clearly shown by the testimony of

Mr. Whittle, who was a student in Mr. Barstow's office, supported by Mr. Barstow's affidavit, by the admissions of Young in his affidavit, that he employed Mr. Barstow to commence criminal proceedings for the same injury, by the improbability that Mr. Barstow could have prosecuted such a litigation through seven terms and two jury trials, without any inquiry as to his authority, if there was the slightest room for doubt, and by the ordinary legal presumption, that an appearance by an attorney of the court is regular until the contrary is shown.   12 N. H. Rep. 490.

We think it clearly appears that Young was a poor man, without means to prosecute a lawsuit, and that this was well known to the defendant; and that within a few months after the suit was commenced he left the country and returned to his original residence in Lower Canada, and that it was after much difficulty that his residence was discovered by the defendant.

It seems to us clearly proved, that the expenses of this lawsuit were paid by Mr. Barstow, and the defendant was well aware that this must be so, and that Mr. Barstow must be without any expectation of receiving anything for his fees and disbursements, except what should be recovered in the action.

The affidavit of Mr. Minot proves that before the date of the writing which the court are now asked to enforce, notice was given to the attorney of the defendant in the action, that Mr. Barstow relied on the judgment which might be recovered in the action for the satisfaction of his claim.   It is said that the compromise was made by Dearborn with Young, long before the receipt of this notice, and that Young then made to Dearborn a general release.   But we think the evidence fails to show any facts as to the release or the agreement to discharge the action, but the mere execution of those papers, and that it will be time to inquire as to the release, when it is before us.   The agreement was

obtained with full notice, both express and implied, of Mr. Barstow's claim.

The affidavits of the witnesses examined by the defendant, fail to show anything calculated to remove the doubts thrown upon the good faith of this transaction by the evidence to which reference has been made. They show nothing of the character of the agreement for a compromise, which is alleged to have been made, nor of the considerations or inducements which were held out to Young, nor of the conversations which preceded or accompanied it. They do not, indeed, show that there was any agreement or compromise made, nor that anything whatever was paid or promised by Dearborn to Young, as the consideration of the discharge of the judgment, which it was then definitely settled the latter must recover. We think with *Hardwicke*, C. in *Anon.* 2 Vez. 25, that if there had been a consideration, the court might have laid weight thereon, but where the costs are not paid, and there is no composition or consideration, but a mere voluntary release, it should not be suffered to defeat the attorney.

It does not appear that Young was in fact aware of the position of his case, while it does appear, that from some cause, Young was induced to deny that he had ever received any personal injury from Dearborn, though he had made a complaint against him in the criminal proceeding for assault and battery, and two juries had found verdicts in his favor against the defendant for large damages.

Under these circumstances, we think that such doubts are cast upon the good faith of this transaction as ought to lead a court to hesitate to lend their aid to enforce a transaction, which they cannot but see does a substantial injustice to the attorney.

It is not, however, necessary to rest the decision of the question in this case upon this point, because we are of the opinion that this discharge, however effectual it may be be-

tween these parties, cannot be allowed to affect the rights of Mr. Barstow.

We have stated the principle that an attorney has no lien upon a cause until judgment. We are of opinion that in this case judgment had, in fact, been rendered within the meaning of this rule. The case had been tried by a jury, and a verdict returned for the plaintiff. Upon the trial, certain exceptions had been taken, and a case drawn and transferred to the superior court for decision. This case had been considered and the questions raised had been decided, and an order was made that judgment should be entered upon the verdict. All this was done before any steps were taken to obtain this discharge. This order for judgment was one which it was competent for the superior court to make, and it was the final determination of the rights of the parties. In form, however, the judgment remained to be entered in the court of common pleas, at the next term, to be holden some weeks after.

For some purposes, the judgment is regarded as rendered only from the time when the actual entry is made upon the records of the court below. If there is an attachment, the lien of the attachment continues until the expiration of thirty days after the entry of a judgment such as an execution may issue upon. So a prisoner, on mesne process, will be detained in prison for the same time. But for the purpose of securing the lien of the attorney, we think that the order of the court that judgment be entered, is to be deemed the judgment. Such order is a final determination of the case, the end of all litigation and controversy as to the merits of the case. The time when the judgment is entered up in form, seems to us entirely immaterial for this purpose. We are not able to discover, under our law and the practice under it, any difference between the case of an order made by the superior court, for a judgment to be rendered in the common pleas, and a like order made by that court itself. Time must ordinarily elapse between the mak-

ing of such orders and the actual entry of judgments; but the delay ought not to affect the rights of the parties or their attorneys, relative to the subject of the controversy. For the purpose of ascertaining their rights in this respect, the order of the court for judgment should be deemed the judgment itself.

Upon this view, the attorney acquired a complete and perfect lien upon the judgment, by the order of the superior court, and the defendant having had actual notice of his claim, when the agreement in question was executed, that agreement was void and inoperative as to his rights.

If we lay out of the case the evidence of Mr. Minot, we think that the facts shown in the case are such as ought to have put the defendant upon inquiry, and that the release, if that were before us, could not be allowed to take effect in fraud of the rights and lien of Mr. Barstow.

We think the court of common pleas may properly inquire, by a master or commissioner, as to the just amount of Mr. Barstow's claim against Young, and allow execution to issue only for that sum, the residue being regarded as remitted or discharged by the agreement produced by the defendant.

*Motion denied.*