JULIA A. JONES, plaintiff in error, *vs.* CHARLES MORGAN defendant in error.

(McCay, J., having been of counsel in this cause, did not preside.)

When it appeared from the record that an action of trover and conversion was pending in the Superior Court of Sumter county, for the tortious conversion of certain negro slaves in the year 1850, and that the plaintiff and defendant had *fraudulently* settled said suit with *notice* of the claim of the plaintiff's attorney's lien for his fees due in said case, and on motion of defendant's counsel, the Court dismissed said suit, for *want of jurisdiction,* against the objection of plaintiff's counsel: *Held,* that the counsel of the plaintiff had the right to prosecute the suit against the defendant to recover the amount due him for his fees in that case, provided, the plaintiff in the action is entitled to recover anything from the defendant upon the trial thereof, and that the Court below erred in dismissing the case.

Jurisdiction as to slave debts. Attorney's fees. Before Judge JAMES M. CLARK. Sumter Superior Court. October adjourned Term, 1868.

In 1850, Francis M. Jones and his wife, Julia A., brought trover against said Morgan to recover certain slaves, or their value and hire. Francis M. had died, and the action was pending in the name of the said Julia A., as survivor. In January, 1869, when the cause was called for trial, defendant's counsel moved to dismiss it, upon the ground that the Court was forbidden by the 1st clause of the 17th Section of Article V of the Constitution of Georgia, adopted the 11th of March, 1868, to try or give judgment on, or enforce any debt, the consideration of which was a slave or slaves or the hire thereof. Plaintiff's counsel resisted the motion upon

Jones *vs.* Morgan.

the grounds, that the parties, with notice of the fee of plaintiff's counsel, had fraudulently settled the cause, and contended that it should be tried, that said fee might be saved; that the conversion occurred in 1850, prior to the emancipation of the slaves, and it could not excuse the defendant, and that said prohibition of the Constitution did not cover actions *ex delicto.* There was no denial of the facts stated by plaintiff's counsel. The cause was dismissed, and that is assigned as error.

HAWKINS & BURKE, N. A. SMITH, for plaintiff in error, as to the fee, cited 36th Ga. R., 629; Code, section 1980; as to emancipation, after the conversion, 35th Ga. R., 136–7–8 ; Code, section 3023; as to the compass of "debt" in said clause, 38th Ga. R., 119.

I. I. SCARBOROUGH, (by Judge R. CLARK,) for defendant in error.

WARNER, J.

It appears from the record in this case, that an action of trover and conversion was pending in the Superior Court of Sumter county, for the tortious conversion of certain negro slaves in the year 1850, and that the plaintiff and defendant had *fraudulently* settled said suit with *notice* of the claim of the plaintiff's attorney's lien for his fees due in said case, and on motion of defendant's counsel, the Court dismissed said suit for *want of jurisdiction* under the provisions of the Constitution of 1868, against the objections of the plaintiff's counsel. According to my individual views upon the question of jurisdiction in this case, I have no difficulty in maintaining it, for the reasons expressed in my dissenting opinions, in the cases of *White vs. Hart and Davis, and Berry vs. the Montgomery and West Point Railroad,* decided during the present term of the Court. This Court, however, *concurs* in this case in holding, that the counsel for the plaintiff had the right to prosecute the suit against the defendant to recover the amount due him for his fees; provided the plaintiff in

his action is entitled upon the trial thereof, to recover any thing from the defendant, and that the Court below erred in dismissing the case.    See *Gray vs. Lawson,* 36*th Ga. R.,* 629. Let the judgment of the Court below reversed.