WILLIAM S. REID, plaintiff in error, *vs.* DAVID JORDAN, defendant in error.

1. Where the return of service by an officer is not dated, the presumption is that service was perfected within the time prescribed by law.

2. A judgment rendered by a justice of the peace on the 19th day from the date of the summons, for an amount exceeding $50 00, is void.

Presumptions.   Judgments.   Justice courts.   Before Judge
BARTLETT.  Putnam Superior Court.  September Term, 1875.

Reported in the decision.

W. F. JENKINS, for plaintiff in error.

. JOHN W. HUDSON, by brief, for defendant.

WARNER, Chief Justice.

This case came before the court below on an appeal from a
justice's court on an affidavit of illegality.   On the trial of the
case in the superior court, the court charged the jury that the
affidavit of illegality, as set forth, was insufficient, and directed
the jury to find a verdict overruling the same; in other words,
the court sustained the demurrer to the defendant's affidavit
of illegality as being insufficient in law to set aside the plain-
tiff's execution, whereupon the defendant excepted.

The grounds of illegality contained in the defendant's affi-
davit insisted on here, were: first, that he was not served ten
days before the time of trial in the justice's court; second, that
the summons in said case did not bear date twenty days be-
fore the time of trial in the justice's court.

1. As to the first ground taken in the affidavit of illegality,
inasmuch as the return of the constable of service of the sum-
mons on the defendant is not dated, the legal presumption is
(in the absence of any proof to the contrary,) that the con-
stable did his duty and served it within the time prescribed
by law.

2. The main question in the case is, whether the justice had
any legal power or authority to render the judgment against
the defendant on the day he did render it.   The general rule
applicable to the judgments of justices' courts (the same be-
ing a court of limited jurisdiction) is, that the justices have
power and authority to render judgments, only when the
law of the land authorizes them to do so; that power and au-
thority must be exercised in the mode and manner that law

prescribes: *Gay vs. McNeal,* 12 *Georgia Reports,* 424.    All suits before justices of the peace must be commenced by summons, commanding the defendant to appear at the time and place of trial, which time and place shall be specified in said summons.    All summonses, when the amount is over $50 00, shall bear date twenty days before the time of trial: Code, sections 4139, 4141.    The summons in this case was dated on the 1st of January, 1872, and the time of trial specified in the summons was on the 3d Saturday in January, 1872, and it is admitted in the record, by the agreement of the parties, that the 3d Saturday in January, 1872, was the 20th day of that month, so that counting the first day of the month and excluding the twentieth, as the 4th section of the Code provides, the judgment was rendered on the 19th day after the date of the summons, a day on which the justice had no legal power or authority to render the judgment under the statute, and that being so the judgment was void for want of authority of law to render it at the time it was rendered.    If a justice can render a judgment against a defendant nineteen days after the date of the summons he can render a judgment within five days after the date of the summons, and one would be just as lawful as the other.    In order to maintain and enforce the laws of the land we feel constrained to reverse the judgment of the court below in this case.·

Judgment reversed.