ERIC BOSTON, Appellant, *v.* LAMPORT & HOLT, LTD., Defendant. ISADOR LEIFER, an Attorney, Respondent; JESSE L. ROSENBERG, an Attorney, Appellant.

Second Department, April 13, 1928.

**Attorney and client — substitution of attorneys — apportionment of fees — order substituting attorney in negligence action is reversed and matter remitted to determine fairness of settlement by substituted attorney and to apportion fee between attorneys.**

The respondent, an attorney at law, was retained by the plaintiff on a contingent fee to prosecute an action based on negligence.   The Special Term substituted the appellant, who, although it appeared that the plaintiff was seriously injured and the liability of the defendant clear, settled the case for $4,000 three weeks after the entry of the order of substitution.   It does not appear that services of any great value were rendered by either lawyer.   Under the circumstances, the order of substitution is reversed and the case remitted to the Special Term to take proof of the facts and circumstances, including the fairness of the settlement and the value of the services rendered by each of the attorneys and to fix a proper fee and apportion it between said attorneys.

25

APPEAL by the plaintiff and by Jesse L. Rosenberg, an attorney, from an order of the Supreme Court, entered in the office of the clerk of the county of Kings on the 16th day of January, 1928.

*Jesse L. Rosenberg*, for the appellants.

*Isador Leifer*, in person, for the respondent.

PER CURIAM. This appeal involves a quarrel between lawyers, both of whom claim to represent the plaintiff in a negligence action. The court at Special Term made an order substituting Jesse L. Rosenberg for Isador Leifer as attorney for the plaintiff. It appears from the moving papers that the plaintiff was seriously and permanently injured. His right arm was rendered useless as the result of the accident. From the facts alleged in the complaint and amended complaint, liability clearly appears. Nevertheless, according to the brief submitted by respondent Leifer, the case was settled for $4,000 three weeks after the entry of the order from which this appeal was taken. The record does not contain proof of services of any great value rendered by either lawyer. The order made by the Special Term recites that plaintiff's attorney (Rosenberg) stated in open court that his retainer is forty per cent of any recovery if the case be settled, and fifty per cent if the case be tried. Leifer states in his brief that after this statement by Rosenberg he insisted upon seeing the retainer. Subsequently he saw the retainer, which, he says, was " for fifty per cent in suit or settlement."

This court is of the opinion that the order should be reversed upon the law and the facts, with ten dollars costs and disbursements, and the case remitted to the Special Term to take proof of the facts and circumstances, including the fairness of the settlement and the value of the services rendered by each of the contending attorneys, and fix a just, equitable and conscionable fee and apportion it between said attorneys.

LAZANSKY, P. J., KAPPER, HAGARTY, SEEGER and CARSWELL, JJ., concur.

Order granting plaintiff's motion to substitute appellant Rosenberg as his attorney in the place and stead of respondent Leifer reversed upon the law and the facts, with ten dollars costs and disbursements, and the case remitted to the Special Term to take proof of the facts and circumstances, including the fairness of the settlement and the value of the services rendered by each of the contending attorneys, and fix a just, equitable and conscionable fee and apportion it between said attorneys. Settle order on notice.