## SHATTUCK et al. v. PENNSYLVANIA R. CO.

District Court, W. D. New York.
March 21, 1931.

Pierre Evans, of Elmira, N. Y., for substituted attorney Levi Ginsburg.

Mortimer A. Sullivan, of Buffalo, N. Y., for discharged attorney Mortimer L. Sullivan.

ADLER, District Judge.

An order of substitution of attorneys has heretofore been granted by consent, and the question of compensating Mr. Sullivan, the attorney who brought the action, was submitted to the court upon the basis of facts contained in the stipulation setting forth the legal services performed by him prior to the substitution.

The action was to recover damages arising from the death of an employee of the defendant company, due to negligent operation of its train. Mr. Sullivan, through an employee in his office, interviewed a witness, obtaining a statement from him tending to show the liability of the defendant company, examined the law relating to the right of one of the plaintiffs to begin the action owing to a common-law marriage after divorce, prepared papers and supervised execution of the petition for appointment of administrators, and procured their appointment by the surrogate, noticed the case for trial, and subsequently attended calendar call, and other services were rendered and slight expense incurred pertaining to details and preparation; while Mr. Ginsburg, who at this time was an associate of Mr. Sullivan, attended the inquest to ascertain the cause of death, visited the scene of the accident, and prepared the complaint.

The services performed were under a contingent fee arrangement entered into between plaintiffs and Mr. Sullivan, whereby the latter was to receive in full for his compensation, 25 per cent. of the amount recovered by judgment or adjustment, and no claim is asserted unless there is a recovery. Subsequently Mr. Sullivan was discharged by plaintiffs and Mr. Ginsburg substituted. No questions of turn-over of papers or misconduct are involved.

The substituted attorney contends that, regardless of the contingent fee contract, the measure of compensation is limited to the reasonable value of the services rendered. It is true that, since the contract was made in this state, the rights of the parties are determinable by its laws; and, in the circumstances, the discharged attorney is only entitled to the reasonable value of the services rendered up to the time of his discharge. Martin v. Camp, 219 N. Y. 170, 114 N. E. 46, L. R. A. 1917F, 402. See Spellman v. Bankers' Trust Co. (C. C. A.) 6 F.(2d) 799. That the clients had the right to discharge the original attorney with or without cause, thus ending the contract, is admitted, and the latter is therefore precluded from recovery under the stipulated contract, since a breach thereof by the clients does not lie. But in opposition it is urged that, even though the services are determinable on a basis of quantum meruit, that the stipulated contract and the ultimate result should not be ignored in fixing the fees. I am of the opinion that this contention is not without fair and reasonable merit.

In O'Brien v. Mulcahy, 230 App. Div. 790, 244 N. Y. S. 701, 702, the referee before whom the matter of a discharged attorney's fees for performing legal services under a conditional contract on percentage of recovery was submitted reported to the court that the discharged attorney's compensation, prior to the trial of the action, was of the value of $500.. Later the action was settled in plaintiff's favor for $15,000, and the appellate court ruled that the allowed amount, in view of the settlement, was unreasonable and inadequate, and it resubmitted the case to the Special Term. The court said: "At the time the official referee made his report, and when it was confirmed, it was not known how much the plaintiff would recover, if anything, and on the rehearing the Special Term should take into consideration the amount of the settlement and the finding of the official referee that the appellant was to receive 25 per cent. of any amount plaintiff might receive." That case was decided after the Camp Case, supra, and, since the latter is moot upon this point, I think the

request of Mr. Sullivan that fixing his fees should be deferred until the damages are determined is not unreasonable.

■ The value of an attorney's services is ordinarily not solely controlled by the mere details of his services, but his professional skill and diligence and final results in litigation are elements bearing upon the appraisement of his employment. Here, as already remarked, the original attorney was discharged, and the value of what he did must be based upon quantum meruit, but the ultimate result of the action, even though the substituted attorney conducts the trial, constitutes an element, I think, for consideration in fixing the fees.

The case of Boston v. Lamport & Holt, 223 App. Div. 385, 228 N. Y. S. 279, supports this view, and this would be the rule even without an agreement as to fees. The client, having exercised his right to discharge the attorney, admittedly cannot be compelled to pay damages for breach of contract or the percentage of recovery to be paid thereunder. He merely exercised an implied right, but the result of the trial and recovery nevertheless not infrequently are due to the preliminary conduct of the case, and accordingly the request of plaintiffs that the value be fixed ahead of the trial or settlement, assuming that there may be a settlement, is believed unreasonable, and should not be made at this stage of the case.

An order may be entered in accordance with these views, which may contain provisions for the original attorney's protection. So ordered.