## BENNETT v. SINCLAIR NAV. CO.
### Nos. 46 and 153 of 1938.

District Court, E. D. Pennsylvania.

May 16, 1940.

Freedman & Goldstein and Charles Lakatos, all of Philadelphia, Pa., for libellant.

Krusen, Evans & Shaw, of Philadelphia, Pa., for respondent.

BARD, District Judge.

These two suits are before the Court on motion, by the proctors of the libellant, for leave to continue prosecution of the suits on their own behalf for recovery of their costs and legal fees. By stipulation filed July 14, 1939, the parties agreed to consolidate the two actions for the purposes of trial.

On November 11, 1937, the libellant sustained certain injuries while employed as a member of the crew on board the S. S. "William Boise Thompson".

The petitioners, attorneys at law, allege that on November 27, 1937, they were retained by the libellant to protect his interests in the claims arising out of his injuries under a written contract of retainer providing as compensation 40% of the net proceeds recovered by suit, settlement, or otherwise. Petitioners made an investigation, instituted two suits, one for personal injuries and one for maintenance and cure, took depositions in New York, and made all negotiations with a view towards settlement. They were offered

$900 prior to the institution of the suit, which was rejected upon the instruction of the libellant.

Respondent's answers were filed on August 15, 1938, denying negligence and the cases were ordered on the admiralty trial list. On November 16, 1938, respondent filed supplemental answers pleading a release, attaching to each answer a photostatic copy of a release executed by the libellant on September 9, 1938, in compromise and settlement of his claim in consideration of the sum of $1,100.

On February 10, 1939, the petitioners filed a motion for leave to continue further prosecution of the suits on their own behalf, alleging the above facts and further: That the respondent's agents had approached the libellant and made certain fraudulent misrepresentations to the effect that the libellant did not need his proctors, that they were not properly protecting his interests, that he would make more money without his proctors, and that he should discharge them; that these misrepresentations were made for the purpose of obtaining an undue advantage over the libellant and the petitioners and to injure the petitioners wrongfully and maliciously by depriving them of their costs and compensation as proctors; that respondent was at all times fully aware of the valid and existing agreement between the libellant and the petitioners, of the petitioners' valuable rights thereunder, and of the professional services rendered by the petitioners in the institution, prosecution and general conduct of the pending litigation; and that as a result of these false and improper statements, the respondent by its agents succeeded in inducing the libellant without the knowledge or consent of the petitioners to enter into a fraudulent and collusive settlement for the purpose of defrauding the petitioners of their costs and compensations, as a consequence of which the petitioners have received no portion of the settlement, and have no prospect of receiving any amount from the libellant, as his whereabouts are unknown. At the argument it was stated by petitioners that respondent's proctors were likewise unaware of the settlement or of the alleged false misrepresentations, until after the settlement was consummated in the office of the respondent in New York.

On March 10, 1939, the respondent filed an Answer to the petition denying that it offered any inducement to libellant to settle his claim directly with the respondent either by way of misrepresentation or otherwise. The respondent admits that it paid the sum of $1,100 to the libellant in settlement of the claim and that he executed a general release. Respondent avers, however, that the settlement was effected at the instance and solicitation of the libellant and that the libellant voluntarily approached the respondent and notified the petitioners that their services were no longer required.

The question for determination is whether, assuming the allegations to be true, the petitioners can continue to prosecute to judgment the action in admiralty for their own benefit for the recovery of their costs and compensation as proctors for the libellant.

■ Parties may settle and compromise their litigation without consulting counsel, but such right of settlement does not confer the right to interfere with the contractual obligations existing between counsel and client.

■ The rights under a contract of retainer are determined by the laws of the state where made: In re Paschal, 10 Wall. 483, 77 U.S. 483, 19 L.Ed. 992; Spellman v. Bankers' Trust Co., 2 Cir., 6 F.2d 799; Shattuck v. Pennsylvania R. R. Co., D.C., 48 F.2d 346.

■ Under the laws of Pennsylvania, an attorney retained on a contingent fee basis has an interest in the contract apart from his mere employment as an attorney. For a breach of such contract the attorney has a cause of action against his client and may recover the full contingent fee. Williams v. Philadelphia, 208 Pa. 282, 57 A. 578.

■ In addition to and independent of the remedy which an attorney may have against his client for breach of a contingent fee contract, where the attorney's interest in the contract is maliciously interfered with by the wrongful act of a third party with knowledge of the existence of a valid contract and the rights of the attorney thereunder, the latter has a cause of action against the wrongdoer: Klauder v. Cregar, 327 Pa. 1, 192 A. 667. In that case a widow retained the plaintiff, an attorney at law, to bring suit for the death of her husband, fatally injured in an automobile accident. She executed a power of attorney containing an agreement that one-half of whatever sum is obtained from the defendant should be paid to her attor-

ney. Action was brought by the attorney and during the pendency of proceedings and before trial, the widow settled directly with the defendant for the sum of $5,000. She did not pay her attorney his fee. Thereupon Klauder brought an action in trespass against the defendant in the original suit, and the defendant's insurance carrier, alleging that they had maliciously interfered with the performance of the contract between himself and his client and induced her to break the contract to his injury and damage. On trial, at the close of plaintiff's evidence, the Court entered a compulsory non-suit which it declined to remove and the plaintiff appealed. The Supreme Court affirmed the judgment as to Cregar since the record failed to show any liability on his part, but reversed the judgment for the insurance carrier and awarded a new trial, holding that as to it the plaintiff had stated and proved a cause of action.

The Pennsylvania Supreme Court in its opinion said, 327 Pa. at page 3, 192 A. at page 668: "At the outset of a review of the pleadings, the testimony, and the governing legal principles entering into the case, it is opportune to remark that 'a contract confers certain rights on the person with whom it is made, and not only binds the parties to it by the obligation entered into, but also imposes on all the world the duty of respecting that contractual obligation. * * * If one maliciously interferes in a contract between two parties, and induces one of them to break that contract to the injury of the other, the party injured can maintain an action against the wrongdoer.' Caskie v. Phila. Rap. Trans. Co., 321 Pa. 157, 159, 184 A. 17, 18, 106 A.L.R. 318." The Court then reviews the evidence presented by the plaintiff and continues, 327 Pa. at page 6, 192 A. at page 669:

"It is argued by appellee that although the statement of claim avers that defendants had made settlement with the client for $5,000, there is no averment or proof that defendants had prevented her from paying or induced or persuaded her not to pay one-half of that sum to plaintiff, nor is any claim for one-half that sum made in the statement. While it is true it was not shown that defendants had prevented or directly induced Mrs. Burgess not to pay her attorney, the insurance company's representatives effectively brought about this result, after being informed by her that she had agreed to pay him one-half of the recovery, by stating to her that the power of attorney was not any good and that she would not have to pay him if she settled out of court and that they would take care of him and that she did not have to inform him of the settlement. There can be no question that these statements brought about the breach of her contract with Mr. Klauder and resulted in his not being paid. * * *

"Appellee further argues that as Mrs. Burgess had the right to settle under the power of attorney, the representatives of the insurance company could do so, notwithstanding the fact that they might believe that it would result in injury to the plaintiff. They had the right to settle, but not the right to disturb the contract relations between her and plaintiff, in the manner she testified they did. * * *

" 'One who, having knowledge of an existing valid contract between others, intentionally, knowingly, and without reasonable justification or excuse, induces one of the parties to the contract to breach it to the damage of the other party, is liable in an action to recover the damages suffered. The action is predicated on the intentional interference without justification with contractual rights, with knowledge thereof. Such interference constitutes a legal wrong, and, if damages result therefrom, a valid cause of action exists therefor.' Hornstein v. Podwitz, 254 N.Y. 443, 173 N.E. 674, 675, 84 A.L.R. 1; Campbell v. Gates, supra [236 N.Y. 457, 141 N.E. 914]; Lamb v. Cheney & Son, 227 N.Y. 418, 125 N.E. 817; Hogue v. Sparks, 146 Ark. 174, 225 S.W. 291. If words or acts of the defendant deprive the plaintiff of some advantage or benefit to which he is entitled by reason of his contract, the action is maintainable. Hebbits v. Constitution Indemnity Co., supra [279 Mass. 539, 181 N.E. 723]. * * *"

■ Under the Klauder case, supra, it appears that Pennsylvania law would grant the petitioners in the instant case the right to proceed against the respondent to recover damages suffered by reason of the conduct of respondent's agents, and that these damages are measured, under the principles laid down in Williams v. Philadelphia, supra, by the value of the contingent fee agreed upon.

Will Courts of Admiralty permit the proctor for the libellant to prosecute the

action in the name of libellant for recovery of compensation and costs where he has been defrauded by a collusive settlement?

The case of Miedreich v. Rank, 40 Ind. App. 393, 82 N.E. 117, involved a suit by the beneficiary under a life insurance policy, the attorney for the plaintiff being retained on a contingent fee basis. After suit was started, and while the action was pending, the attorneys for the defendant filed in court an instrument signed by the plaintiff directing dismissal of the action. Plaintiff's attorney thereupon objected to the dismissal and filed a motion, supported by affidavit, for leave to prosecute the suit to final judgment for his own benefit. The objection and motion were overruled; on appeal the judgment was reversed and the cause remanded for further proceedings in conformity with the opinion. The Court in its opinion said, 82 N.E. at page 119:

"It is not necessary to determine whether the contract between Mrs. Rank and appellant amounted to an equitable assignment in the latter's favor. Generally speaking, the plaintiff has full power to compromise and settle his claim out of court and without the knowledge or consent of his attorney. Hanna v. Island Coal Co., supra [5 Ind.App. 163, 31 N.E. 846, 51 Am.St. Rep. 246]; Young v. Dearborn, 27 N.H. 324; Jackson v. Stearns [48 Or. 25], 84 P. 798, 5 L.R.A.,N.S., 390. 'The right of the parties to thus settle is absolute, and the settlement determines the cause of action and liquidates the claim. * * * Of course, we do not refer to dishonest settlements made to cheat attorneys, which the courts will brush aside with a strong hand.' Fischer-Hansen v. Bklyn. Heights R. R. Co., supra [173 N.Y. 492, 66 N.E. 395]. The law favors compromises, and the settlement of litigation is encouraged, but such favor does not extend to transactions which are flavored with fraud. The effect of the authorities is accurately summarized by the editor of the American State Reports as follows. 'While honest settlements between the parties to a litigation made without any intention of taking advantage of the attorneys are commenda-

ble and are to be encouraged, collusive and fraudulent settlements made for the purpose of defrauding the attorneys are, of course, reprehensible. If such are attempted, the court may interfere to protect the attorney. Its power to do so is inherent, and is founded on its right to protect its own officers against collusion and fraud practiced by the parties to the cause.' Monographic Note, 93 Am.St.Rep. 173, and cases cited.

"It is well known, although seldom stated, that the usefulness of the American judiciary depends upon the members of its bar. The judge can only decide questions presented to him for decision, and, in the absence of an independent bar, containing right-minded, fearless lawyers, the judge and the court would be of little use. The duty of courts to protect officers who are so essential to them and from whom the highest fidelity is exacted from fraud and imposition practiced or attempted by litigants is perfectly clear. It is an inherent obligation, and inherent power in the court to discharge it has always been recognized.[1] 'Where a settlement is privately effected between the parties with the design of preventing the attorney from obtaining his costs, the court will, notwithstanding the settlement, allow the attorney to go on and collect the costs in the action that he may secure himself.' Rasquin v. Knickerbocker Stage Co., supra [21 How. Prac., N.Y., 293]. The procedure in such cases is as follows: 'Though a party may, without the consent of his attorney, make a bona fide adjustment with the adverse party, and dismiss an action or a suit before a judgment or a decree has been rendered therein, if it appears, however, that such settlement was collusive and consummated pursuant to the intent of both parties to defraud the attorney, the court in which the action or suit was pending may interfere to protect him, as one of its officers, by setting aside the order of dismissal, and permitting him to proceed in the cause, in the name of his client as plaintiff, to final determination to ascertain what sum of money or interest in the subject matter, if any, is due him for his serv-

---

[1] Jackson v. Stearns, [48 Or. 25], 84 P. 798, 5 L.R.A.,(N.S.) 390; Rasquin v. Knickerbocker Stage Co., 21 How Prac., (N.Y.) 293; Potter v. Ajax Mining Co., 19 Utah, [421,] 431, 57 P. c. 270; Den ex dem. Mount v. Heister, 17 N.J.L. 438; Fischer-Hansen v. Bklyn. Heights R. R. Co., supra; National Exhibition Co. v. Crane, 167 N.Y. [505] 508, 60 N.E. 768; Talcott v. Bronson & Bronson, 4 Paige [N.Y., 501], 502; William S. Reid v. Jordan, 56 Ga. 282; Jones v. Morgan, 39 Ga. 310, 99 Am.Dec. 458; Monographic Note, 51 Am.St.Rep. 263, 276.

ices when fully performed."[2] * * * it furnishes a remedy by which the courts may compel the litigants to treat the lawyer with some measure of the honesty which he is bound to exercise in his dealing with them."

Following the principles enunciated in the Opinion of Miedreich v. Rank, supra, the Court may exercise its inherent power to protect its officers from fraud and collusion practiced by the parties to the cause, by permitting the attorney to proceed in the cause in the name of his client as plaintiff to ascertain what sum of money is due him for his services when fully performed.

█ Respondent contends, however, that this is an action in admiralty and that the Court has no authority to assume jurisdiction for the enforcement of the non-maritime obligation which petitioners here assert. I can see no difference between the attorneys in a law case and proctors in an admiralty case. Proctors in admiralty are as integral and necessary a part of the protective machinery of the Court as are attorneys in law cases. It is of as vital interest to Courts of Admiralty to protect the proctors in their right for compensation as it is for Courts of Law to protect attorneys in a similar manner.

The Golden Star, D.C., 9 F.Supp. 172, affirmed by the Circuit Court of Appeals for the 9th Circuit in Ayers v. Oceanic & Oriental Navigation Company, 82 F.2d 687, 688, is a case in admiralty where the precise remedy sought here was involved. In that case the libellant filed suit in personam and in rem based on a charge of negligence resulting in alleged personal injuries, for which damages were sought in the sum of $50,000. Before trial libellant settled his case with respondent without the knowledge of his proctor. Upon representation to the court that "respondents entered into a covinous, fraudulent, and collusive settlement with libelant for the sole purpose of cheating and defrauding the proctor for libelant out of his fees, costs, and disbursements and moneys advanced to libelant, * * *" an order was made permitting the proctor to prosecute the suit in the name of the libellant

for recovery. Upon hearing the evidence failed to sustain the representations, and the libel was accordingly dismissed. On appeal the Circuit Court of Appeals affirmed the decree on the ground that the evidence failed to sustain collusion and fraud, but indicated that in a proper case the remedy sought would be available to the proctor. The Circuit Court, which adopted the District Court's opinion, said: "'Upon hearing, the evidence failed to sustain the representations of the proctor. The settlement was made wholly upon the initiative of libelant, and without knowledge of counsel on either side. Libelant wrote a letter to his proctor advising him of the settlement, requesting an account of his indebtedness, and promising payment, saying, "I will send you a check for it." "I always pay my debts."

"'It is unquestioned that parties to a lawsuit may settle and compromise their litigation without consulting counsel; and that, in the absence of a statute giving the attorney a lien for his fees, courts will not intervene, unless there has been collusion between the parties and an attempt to defraud the attorney out of his fees. Swanson v. Chicago, St. P. & K. B. Ry. Co., supra [C.C., 35 F. 638]; approved in Re Baxter & Co. (C.C.A.) 154 F. 22, 24; Hilditch v. American Bumper Corporation (D.C.) 15 F.2d 451. The rule is the same in tort cases in admiralty (Peterson v. Watson, 19 Fed.Cas. page 380, No. 11,037), although in certain wage cases the proctor has been permitted to recover costs (The Victory, 28 Fed.Cas. page 1179, No. 16,937).

"'While I do not approve the action of respondents' claims agent in settling the case without notice to libelant's proctor, yet the facts and the law will not justify a judgment in favor of the proctor.' * * *

"Having found that there was no fraud or collusion in the settlement between libelant and respondents, the District Court rightly concluded that, as against respondents, there could be no recovery of costs, fees, or disbursements of libelant's proctor. See authorities cited in the District Court's opinion, supra."

---

[2] Jackson v. Stearns [48 Or. 25,] 84 P. 798, 5 L.R.A.,(N.S.) [390], 392; Potter v. Ajax Mining Co., supra; Young v. Dearborn, supra; Randall v. VanWagenen, 115 N.Y. [527] 531, 22 N.E. 361, 12 Am. St.Rep. 828; Weeks & Conely v. Wayne Circuit Court, 73 Mich. 256, 41 N.W. 269; Howard v. Town of Osceola, 22 Wis. 453; Voell v. Kelly, 64 Wis. 504, 25 N.W. 536; Den ex dem. Mount v. Heister, supra.

Under the above authorities, I think the petitioners are entitled to an order permitting them to prosecute to judgment the two suits in admiralty in their own behalf for the recovery of their costs and compensation, with an opportunity first to prove the allegations in the petition and if the allegations are sustained, to prove the value of their contract with the libellant. If petitioners will prepare an Order in accordance with this Opinion and submit it to proctors for the respondent, it will be entered.

So ordered.