Petition of Robert BAVE, surviving partner of the firm of Robert Bave and R. E. Russell, Individually and as co-partners, trading as Hueber's Launch Service as owners of Launch THE MAJESTIC for Limitation of Liability.

No. 351 of 1952.

United States District Court
E. D. Pennsylvania.
Jan. 23, 1962.

Michael A. Foley, Philadelphia, Pa., for petitioner, Bave.

Paul M. Goldstein, Philadelphia, Pa., for claimant, Josephine Tribble.

Thomas E. Byrne, Jr., Philadelphia, Pa., for claimant, Sinclair Refining Co.

WELSH, Senior District Judge.

The matters before the Court at this time are (1) the motion of Robert Bave, surviving partner of the firm of Robert Bave and R. E. Russell, individually and as co-partners trading as Hueber's Launch Service, as owners of Launch "MAJESTIC", hereafter called Bave, for leave to discontinue this limitation action and (2) the petition of Paul M. Goldstein, Esquire, for leave to prosecute to judgment this limitation action in his own behalf for the recovery of his costs and compensation.

On May 24, 1951, one Henry Tribble was a passenger for hire aboard the taxi-launch "MAJESTIC" owned by Bave; on the passage out to board the vessel "ALBERT E. WATTS" owned by Sinclair Refining Company, hereafter called Sinclair, he fell and drowned in the Delaware River, off Marcus Hook, Pennsylvania. On June 23, 1952, Josephine Tribble was appointed Administratrix of the Estate of Henry Tribble, Deceased, by the County Court of Galveston, Texas. On June 26, 1952, said Administratrix brought (1) a civil action under the Jones Act against Sinclair, No. 13855, in which Sinclair joined Bave as a third-party defendant and in which the Administratrix amended her complaint to allege a cause of action under the Pennsylvania Survival and Wrongful Death Acts [1] against Bave and (2) a civil action under the Pennsylvania Survival and Wrongful Death Acts against Bave, No. 13856. Thereafter, Bave instituted this limitation action and obtained an order enjoining further prosecution of the aforementioned civil actions. Josephine Tribble filed her proof of claim in the limitation proceedings as did Sinclair, the former claiming damages for the death of Henry Tribble pursuant to the Pennsylvania Survival and Wrongful Death Acts and the latter claiming indemnity in the event it should be held responsible in the civil action brought against it under the Jones Act by Josephine Tribble.

1. 20 P.S. § 320.601; 12 P.S. § 1601.

Hearings on the question of whether Bave was entitled to limit his liability were had between June 24 and 28, 1957. Oral argument in the matter was had on November 14, 1957, and on January 3, 1958, the Court, pursuant to its opinion filed on December 30, 1957, entered a decree denying Bave's petition to limit his liability and directing that the cause proceed to further hearing for determination of damages.

However, hearings on the issue of damages never materialized because of the following facts: On October 9, 1957, the County Court of Galveston, Texas, after finding that one Henrietta Tribble was the lawful widow of Henry Tribble, ousted Josephine Tribble as the Administratrix of the Estate of Henry Tribble, Deceased, and appointed said Henrietta Tribble the Administratrix of said Estate. On November 13, 1957, Henrietta Tribble, as the widow of Henry Tribble and as Administratrix of the Estate of said Henry Tribble, executed a release, releasing both Bave and Sinclair from all claims on account of the death of Henry Tribble. Although counsel for Bave informally advised the Court of the foregoing release executed by Henrietta Tribble, the more recently appointed Administratrix of the Estate of Henry Tribble, said counsel failed to take any formal action herein until December 26, 1961, when he filed a motion for leave to discontinue the within limitation proceedings.[2]

Needless to say, the basis of this motion is the releasing by the Administratrix, Henrietta Tribble, of Bave and Sinclair from all claims against them on account of the death of Henry Tribble.

The claims against Bave and Sinclair for damages on account of the death of Henry Tribble are based on the Pennsylvania Survival and Wrongful Death Acts and the Jones Act respectively. The proper party to bring an action under said Acts is the personal representative of the estate of the decedent. In this case, therefore, the proper party is the Administratrix of the Estate of Henry Tribble, Deceased. The Texas State Court has adjudged Henrietta Tribble to be said Administratrix. Because we are obliged under the Constitution of the United States to give full faith and credit to the judgment of a State Court, we hold that Henrietta Tribble is the Administratrix of the Estate of Henry Tribble, Deceased, and is, therefore, the proper party to bring an action for damages on account of the death of Henry Tribble. Henrietta Tribble having released Bave and Sinclair from all claims against them on account of the death of Henry Tribble, it would appear (a) that Josephine Tribble's and Sinclair's claims on account of Henry Tribble's death filed in these limitation proceedings should fall, (b) that since said claims were the only claims filed in these limitation proceedings the proceedings themselves should fall and (c) that the motion of Bave for leave to discontinue these proceedings should be granted.

However, counsel for Josephine Tribble, Paul M. Goldstein, Esquire, objects to granting Bave leave to discontinue this limitation action and has petitioned the Court for leave to prosecute to judgment this limitation action in his own behalf for the recovery of his costs and compensation. In support of his petition said

2. On November 13, 1959, this Court temporarily lifted the injunctions in civil actions 13855 and 13856 and granted Sinclair and Bave leave to plead the release obtained from Henrietta Tribble. They did so, the former on December 5, 1961 in its answer to the amended complaint filed in 13855 and the latter on December 8, 1961 in his answer to the third-party complaint in 13855 and in his amended answer to the complaint in

13856. In addition, on December 20, 1961 Bave filed a motion to dismiss the third-party complaint in 13855 and a motion to dismiss the complaint in 13856, alleging in support of each of said motions the release executed by Henrietta Tribble. These latter motions have not been acted upon and, indeed, no order temporarily lifting the injunctions in those civil actions to permit the filing of same has been entered.

Paul M. Goldstein, Esquire, contends as follows:

At the time he filed a proof of claim on behalf of Josephine Tribble in this limitation action, said Josephine Tribble was the Administratrix of the Estate of Henry Tribble, Deceased, having been adjudged so by the Texas State Court. The claim was not necessarily for the benefit of Josephine Tribble but for the benefit of any and all persons who would be entitled to any and all funds which would be created as a result of the claims under the Pennsylvania Survival and Wrongful Death Acts on account of the death of Henry Tribble. At the time the representatives of the Insurance Company of North America, insurance carrier for Bave, located Henrietta Tribble in Chicago, Illinois, and brought her to Galveston, Texas, and succeeded in having the Texas State Court declare her the widow of Henry Tribble and appoint her Administratrix of his Estate, they should not have obtained from her a release in the sum of $2,000.00 but they should have brought her to Philadelphia, Pennsylvania, where this Court is located, and given her the opportunity to be substituted as the proper party in these proceedings because they knew that she would be the primary beneficiary of any fund resulting from the claim being prosecuted by Josephine Tribble and because they knew that the work and labor of Paul M. Goldstein, Esquire, had enhanced the value of said claim far beyond the sum of $2,000.00 paid in settlement to Henrietta Tribble. Their failure to give Henrietta Tribble the opportunity to be substituted as the proper party in these proceedings and to benefit from the efforts of Paul M. Goldstein, Esquire, constitutes a fraud not only on Henrietta Tribble but also on Paul M. Goldstein, Esquire, and such fraud will deprive said Paul M. Goldstein, Esquire, of his costs and compensation unless he is granted leave to prosecute to judgment this limitation action in his own behalf for the recovery of same.

Under the foregoing circumstances, we think that the petitioner, Paul M. Goldstein, Esquire, is entitled to an order permitting him to prosecute to judgment this limitation action in his own behalf for the recovery of his costs and compensation, with an opportunity first to prove the allegations in his petition and if the allegations are sustained, to prove his costs and the value of his services. See opinion by the late Judge Bard in Bennett v. Sinclair Navigation Company, D.C., 33 F.Supp. 14.

We think that this Court has the inherent power to enter the aforesaid order because it has jurisdiction over these limitation proceedings and, such jurisdiction is not ousted by the facts on which the motion of Bave for leave to discontinue these proceedings is based.

We think too that the power of this Court to enter the aforesaid order is unaffected by the holding in Romero v. International Terminal Operating Company, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed. 2d 368.

If the petitioner, Paul M. Goldstein, Esquire, will prepare an order in accordance with the foregoing opinion and submit it to opposing counsel, it will be entered.